Raymond C. SANDERS *v.* STATE of Arkansas

CR 91-122                                              824 S.W.2d 353

Supreme Court of Arkansas
Opinion delivered January 27, 1992

*Robert N. Jeffrey*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the appellant's conviction of two counts of capital murder and death penalty sentences for each count. Appellant raises three issues on appeal: 1) there is insufficient evidence to support his convictions; 2) the trial court erred in denying his motion for funds to obtain expert psychiatric assistance in preparing his defense; and 3) during the sentencing phase of the trial, the trial court erred in permitting evidence of the appellant's conviction of capital murder committed subsequent to the present murders. Because we find merit only in the appellant's third argument, we affirm the jury's guilty verdict, but remand for resentencing. *Wilson v. State*, 295 Ark. 692-A, 752 S.W.2d 762 (1988) (Supplemental opinion on petition for rehearing).

The appellant properly preserved his sufficiency of the evidence issue by timely making a directed verdict motion at the end of the state's evidence and at the end of the trial. ARCP Rule 36.21. As this court has stated numerous times, we treat directed verdicts as challenges to the sufficiency of the evidence. *See, e.g., Glick v. State*, 275 Ark. 34, 627 S.W.2d 14 (1982). In criminal cases, this court affirms where there is substantial evidence to support the verdict. *Lunon v. State*, 264 Ark. 188, 569 S.W.2d 663 (1978). Substantial evidence is evidence which is of sufficient force to compel a conclusion one way or another and forces or induces the mind to pass beyond suspicion or conjecture. *See Jones v. State*, 269 Ark. 119, 598 S.W.2d 748 (1980). In determining whether there is substantial evidence, the court reviews the evidence in the light most favorable to the appellee. *Pope v. State*, 262 Ark. 476, 557 S.W.2d 887 (1977). It is permissible for the court to consider only the testimony which supports the verdict of guilt. *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Even circumstantial evidence may be sufficient to sustain a conviction, as it may constitute substantial

evidence. *Id.* Whether the circumstantial evidence excludes every other reasonable hypothesis is for the fact finder to determine. *Id.*

Charles and Nancy Brannon were killed by gunshot wounds. Charles' body was found on the Rockport church grounds on November 21, 1989, and Nancy's body was found two days later a short distance from where the police found the Brannons' pickup truck on Grigsley Ford Road in Malvern. The police found the Brannons' home had been ransacked. After an investigation by the Hot Spring County Sheriff's Office, the appellant was charged with the robbery-murder of the Brannons.

To prove its case, the state was required to prove the following:

Acting alone or with one (1) or more persons, he commits or attempts to commit . . . robbery . . . , and in the course of and in furtherance of the felony, or in immediate flight therefrom, he or an accomplice causes the death of any person under circumstances manifesting extreme indifference to the value of human life;

Ark. Code Ann. § 5-10-101(a)(1) (Supp. 1991).

At trial, the state presented Eddie Watkins who testified that, while he and appellant were incarcerated in the Hot Spring County jail, appellant confessed that he shot Charles Brannon and dumped his body and shot Nancy Brannon and took some rings from her fingers. Watkins further testified that the appellant told him that Charles Brannon always carried around a large sum of money and that the appellant took a briefcase full of money.

The state's witness, Bobby Kirchoff, who worked at the Malvern Pawn Shop, identified the appellant as the man who came into the shop with a female on December 19, 1989, and pawned a .22 caliber automatic rifle. Kirchoff testified that he believed that the rifle the appellant pawned was the rifle the state introduced into evidence as exhibit number thirty-three. Berwin Monroe, a ballistics expert, testified that a .22 caliber shell casing recovered from the Brannons' pickup truck had been fired by the same .22 caliber rifle. The state's evidence also showed that the truck was covered in blood matching the Brannons' blood types.

Further, Mark Roys, owner of the A-1 Pawn Shop, related that on November 27, 1989, the appellant pawned three pieces of jewelry. Through the testimony of Nancy Brannon's two daughters, the state established that the jewelry pieces pawned by appellant belonged to their mother. The state also presented other evidence at the trial establishing that Charles Brannon was known to carry large sums of money on his person, appellant had worked for Charles and had visited the Brannons' house many times. Additionally, two acquaintances of the appellant's, Dorene Luster and Deloris Baker, testified that they saw the appellant with a large sum of money after the Brannons had been murdered. Baker also testified that she saw a gun and some jewelry at appellant's house, and when she asked the appellant about the Brannon murders, appellant stated, "there were some things she didn't need to know."

█ From the evidence set out above, we clearly find no merit in the appellant's argument that there is insufficient evidence to support his capital murder convictions.

Next, the appellant argues that the trial court erred in denying his pretrial motion requesting the provision of funds to hire expert psychiatric assistance for his defense. The trial court did grant the appellant's motion for psychiatric evaluation and ordered the appellant to be examined at the Southeast Mental Health Clinic in Pine Bluff. The appellant was found to be without psychosis and competent to stand trial. The examining psychiatrist found that the appellant has the mental capacity to appreciate the criminality of his conduct and was not impaired at the time of the crimes.

In arguing that the psychiatric evaluation was not sufficient, the appellant relies on *Ake* v. *Oklahoma*, 479 U.S. 68 (1985). In *Ake*, the Supreme Court held that when a defendant had made a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at trial, the Constitution requires that a state provide access to a psychiatrist's assistance on this issue if the defendant cannot otherwise afford one. However, the Supreme Court made it clear that the indigent defendant does not have the constitutional right to choose a psychiatrist of his personal liking or receive funds to hire his own.

██ With respect to the question of a defendant's sanity

at the time an offense was committed and competency to stand trial, this court has held that the statutorily provided review by a state hospital is sufficient. *Coulter* v. *State*, 304 Ark. 527, 804 S.W.2d 348 (1991). As previously stated, the appellant was examined by such a facility and found to have no problems with his sanity. The appellant is in fact arguing that he should have been allowed the "opportunity to have a second opinion." Again, the Supreme Court did not hold in *Ake* that a defendant has the constitutional right to choose a psychiatrist of his personal liking or to shop around to find one who will support his insanity defense. Also, the Supreme Court made it clear that the defendant must make a preliminary showing that his sanity at the time of the offense is likely to be a significant factor at the trial before the state is required to provide psychiatrist assistance in preparing his defense. Clearly, here the appellant has not made this preliminary showing, and in fact, the psychiatric examination exhibits that the appellant has no problems with his sanity. *See Day* v. *State*, 306 Ark. 520, 816 S.W.2d 853 (1991). In sum, under the facts of this case, the trial court gave the appellant all of the psychiatric assistance required under *Ake*.

Because we find no merit in the appellant's first two arguments, we affirm his conviction for the two counts of capital murder, and now review the sentencing phase of the appellant's trial. During this phase of the trial, the jury found that the following aggravating circumstances existed:

> (3) The person previously committed another felony, an element of which was the use or threat of violence to another person or the creation of a substantial risk of death or serious physical injury to another person; . . . (5) The capital murder was committed for the purpose of avoiding or preventing an arrest or effecting an escape from custody.

Ark. Code Ann. § 5-4-604 (Supp. 1991). The jury found no mitigating circumstances.

To establish the previously committed felony aggravating circumstance, the state introduced into evidence appellant's prior conviction for capital murder. The state produced no evidence concerning the murder itself, and introduced into evidence only the conviction judgment. This other capital murder for which appellant was convicted involved a murder the appellant commit-

ted on December 21, 1989 — after his crimes involving the Brannons. However, the appellant was convicted of the other capital murder charge on March 17, 1990, which was before appellant was tried for the Brannon murders. The appellant argues the state's introduction of this other capital murder conviction was error for the following two reasons: 1) the December 21, 1989 capital murder was not committed previously to the present crimes as is required by the wording of § 5-4-604(3); and 2) this other capital murder conviction used as an aggravating circumstance was later reversed by this court on March 25, 1991, in *Sanders* v. *State*, 305 Ark. 112, 805 S.W.2d 953 (1991).

In *Johnson* v. *Mississippi*, 486 U.S. 578 (1988), the Supreme Court held that where the prosecutor only admitted the conviction judgment into evidence to establish an aggravating circumstance and that judgment was later reversed, the use of the conviction was prejudicial and the defendant was entitled to be resentenced. Such holding is clearly applicable to the case at hand. Because the only evidence presented to establish the aggravating circumstance of a previous felony was the conviction judgment which had been reversed, there is clearly error under *Johnson*. On this point, we mention the state's contention that the appellant failed to cite or raise the *Johnson* citation of authority and argument below. However, while the *Johnson* cite was not provided below, appellant did present this argument to the trial court in his amended motion for a new trial, which was appellant's first opportunity to raise the issue after this court reversed his March 17, 1990 capital murder conviction. Appellee and appellant in his reply brief furnished the *Johnson* citation in this appeal. Accordingly, appellant's argument was properly preserved below and argued on appeal. Finally, because we must declare error on this point, we need not address the appellant's argument that the capital murder was not previously committed to the present crimes as is required under § 5-4-604(3).

Anticipating that this court might find error, the state argues that we can affirm the appellant's death sentence under the harmless error review pursuant to Ark. Code Ann. § 5-4-603(d) and (e) (Supp. 1991). Section 5-4-603(d) provides that if this court on review finds that the jury erred in finding the existence of any aggravating circumstance and the jury found no mitigating

circumstances, we must conduct a harmless error review of the defendant's death sentence by making the following determinations:

> (1) Determining that the remaining aggravating circumstance or circumstances exist beyond a reasonable doubt; and

> (2) Determining that the remaining aggravating circumstance or circumstances justify a sentence of death beyond a reasonable doubt.

Under provision (e) of § 5-4-603, if this court concludes that the erroneous finding of any aggravating circumstances by the jury would not have changed the jury's decision to impose the death penalty on the defendant, then a simple majority of the court may vote to affirm the defendant's death sentence.

Here, the remaining aggravating circumstance, as mentioned above, is that the capital murder was committed for the purpose of avoiding or preventing an arrest or effecting an escape from custody. We agree that this aggravating circumstance existed beyond a reasonable doubt. The state presented evidence that the appellant had previously worked for the Brannons and had even been in their home. Clearly, the Brannons could have identified the appellant. The appellant also attempted to conceal the decedents' bodies. Further, as we have held previously in *Coulter* v. *State*, 304 Ark. 527, 804 S.W.2d 348 (1991), this aggravating circumstance can justify a sentence of death.

However, we are unable to conclude, under provision (e), that the erroneous finding of the aggravating circumstance would not have changed the jury's decision to impose the death penalty. During the jury's deliberations, the jury foreman came out and asked the trial judge the very question appellant raises in this appeal, *viz.*, whether the jury could consider the March 17, 1990 capital murder conviction as an aggravating circumstance since that actual killing did not occur prior to the other murders. While it is impossible to surmise the amount of emphasis the jury gave this aggravating circumstance, we know it singled out that capital murder conviction in order to obtain direction from the trial judge. The jury then adopted it as an aggravating circumstance, which we must now set aside. In view of the jury's inquiry,

we are unable to conclude that the jury would have still imposed the death penalty if it had known it was limited to the aggravating circumstance that appellant committed the Brannon murders in order to avoid or prevent an arrest. Therefore, we remand for resentencing.

Under Ark. Sup. Ct. R. 11(f), we have reviewed the rulings made against the defendant by the trial judge during the trial and we find no error. For the reasons stated above, we affirm the appellant's convictions but reverse his death sentences and remand for resentencing.