Calvin PORTER *v.* STATE of Arkansas

CR 94-838                                    905 S.W.2d 835

Supreme Court of Arkansas
Opinion delivered September 18, 1995
[Rehearing denied October 23, 1995.]

*Maxie G. Kizer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Calvin Porter appeals from his conviction of capital murder and sentence of death by lethal injection. He raises eight points on appeal. We find no error on these points, nor any other reversible error and affirm.

Porter, aged 19, and a 13-year-old boy approached Tommy's Restaurant in Pine Bluff at about 10:00 p.m. on June 7, 1993. They encountered an employee of the restaurant, Michael Nowden, on the parking lot, and Porter asked if a "Mr. Jake" worked there. Nowden responded he did not, and reentered the restaurant. Porter indicated to his companion that he wanted to do a "lick" or robbery. They then entered the back door of the restaurant, holding newspapers provided by Porter to conceal their faces. Porter carried a gun. They said, "This is a robbery," and Porter ordered the restaurant owner and two employees, including Nowden, to lie on the floor. The three complied, and Porter's companion testified that while he was taking money from the cash register, he heard a gunshot. The two assailants also robbed the three victims and then fled. After his arrest, the 13-year-old ini-

tially stated to police that after leaving the restaurant Porter said, "I shot him." At trial, he testified that Porter told him he shot the man who had been "outside with us" because he had attempted to grab the gun. Nowden died as a result of a contact gunshot wound to the back of the head.

Porter was apprehended one week later by police officers who also recovered a pistol which Porter discarded while he was being pursued on foot by the officers. The state crime lab established that the bullet which killed Nowden was fired from the recovered pistol, and at trial Porter was convicted of capital murder for causing the death of Nowden under circumstances manifesting extreme indifference to the value of human life, during the course of and in furtherance of the commission of robbery. In sentencing Porter to death the jury unanimously found no mitigating circumstances and two aggravating circumstances: the capital murder was committed for pecuniary gain and for the purpose of avoiding or preventing an arrest or effecting an escape from custody.

Of the eight arguments made on appeal, five are procedurally barred. Although these issues were raised in various pretrial motions filed by Porter, the trial court did not rule on these motions and the issues were not otherwise raised during the trial. Porter first argues that the submission of pecuniary gain to the jury as an aggravating circumstance in the penalty phase was an unconstitutional double counting and violative of the eighth amendment, because an essential element of the offense of capital murder is that the murder was committed in the course of and in furtherance of robbery. The trial court did not rule on this pretrial motion and the issue was not raised during the trial. In any event, this issue has been addressed and the statute upheld. See *Cox* v. *State*, 313 Ark. 184, 853 S.W.2d 266 (1993); *Johnson* v. *State*, 308 Ark. 7, 823 S.W.2d 800, *cert. denied* 112 S.Ct. 3043 (1992).

Porter next argues that the trial court erred in allowing into evidence a photograph of the victim's face, because the picture did not show the head wound, and was therefore irrelevant and unduly prejudicial. The trial court did not rule on this motion and again, the issue was not raised at trial. In fact, when the State sought to introduce the photograph, Porter's counsel stated, "No objection."

Porter also argues, as he did in another pretrial motion, that the sentencing provisions of the death penalty statute, Ark. Code Ann. § 5-4-603 (Repl. 1993), are unconstitutional because the statute does not allow the jury to show mercy and thus results in a mandatory death sentence. Once again he did not obtain a ruling on his motion. This issue was also decided adversely to the appellant in *Johnson, supra.*

Porter moved pretrial to prevent "victim impact" evidence during the penalty phase of the trial; the motion was not ruled on and Porter now argues that "victim impact" evidence was erroneously admitted during the guilt phase of the trial. He also did not object to the testimony when offered by the other two victims of the robbery concerning Nowden's good personal traits and character.

In his final unpreserved argument, Porter asserts that the aggravating circumstances under the death penalty statute have been construed in such a broad, vague and varying manner so as to render the statute violative of the eighth and fourteenth amendments. Once again he did not obtain a ruling from the trial court and did not further raise this issue at trial.

■ Porter may not now rely on these unresolved questions and objections on appeal. See *Aaron* v. *State*, 319 Ark. 320, 891 S.W.2d 364 (1995); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993). Nor do the errors asserted by Porter present any of the exceptions we have made in allowing consideration of errors raised for the first time on appeal in death penalty cases. See *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980); *Singleton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981); *Hughes* v. *State*, 295 Ark. 121, 746 S.W.2d 557 (1988).

Porter's three remaining arguments for reversal have no merit. Before trial, Porter filed a Motion in Limine seeking to prohibit the State from introducing evidence that he pointed a gun at a police officer during the chase which resulted in his capture and arrest. The trial court denied this motion. Porter argues the pointing of the gun constitutes evidence of another crime, aggravated assault, which had no relevance or probative value to his prosecution for capital murder, and had the prejudicial effect of showing he was a person of bad character.

■ We cannot say it was an abuse of discretion for the trial court to admit the evidence of the circumstances of Porter's capture, including the testimony concerning the gun. Porter had been identified as a suspect in this case and was spotted by police a week after the robbery and murder of Nowden. He was pursued on foot by the officers, and during the chase he was observed to look back and bring his right arm around toward his pursuer. It was at this point that the officer observed that he held a pistol. A second officer took up the pursuit and saw Porter throw the weapon down and continue running. The gun was recovered and shown to have fired the bullet which killed Nowden. The testimony of the officers is clearly relevant in establishing that Porter was in possession of the murder weapon which he attempted to discard during the pursuit.

We also do not find error in the submission of the second aggravating circumstance, that Porter committed capital murder for the purpose of avoiding or preventing an arrest or effecting an escape from custody. Although Porter's motion to prohibit submission of "any aggravating circumstance completely unsupported by the evidence" was granted by the trial court, he failed to assert at trial that the aggravating circumstance of "avoiding or preventing an arrest" was unsupported by the evidence.

■ In any event, this court has held that killing to eliminate a potential witness is the same as avoiding or preventing lawful arrest. *Sheridan* v. *State*, 313 Ark. 23, 852 S.W.2d 772 (1993). Certainly the jury could have found beyond a reasonable doubt that Porter killed Nowden to avoid being arrested for robbery, because of the nature of Nowden's head wound and the fact that he had spoken to Porter outside the restaurant and could have identified him as one of the robbers. *See Sheridan* v. *State, supra; Coulter* v. *State*, 304 Ark. 527, 804 S.W.2d 348, *cert. denied*, 112 S.Ct. 102 (1991); *Wainwright* v. *State*, 302 Ark. 371, 790 S.W.2d 420, *cert. denied*, 499 U.S. 913 (1990).

Finally, Porter argues that certain remarks made by the prosecuting attorney during closing arguments constituted an impermissible "golden rule" argument. *See King* v. *State*, 317 Ark. 293, 877 S.W.2d 583 (1994). He concedes that he did not object to the remarks at trial; however, he relies upon *Singleton* v. *State*, 274 Ark. 126, 623 S.W.2d 180 (1981), for the proposition that

the trial court should have stepped in and stopped the argument.

■    The remarks complained of went to Porter's propensity to escape:

> Calvin Porter runs every time he gets a chance. Put him in prison and they put him out there in a field and he gets to working and what is he going to do when he gets the chance? He's going to run. They'll be chasing him all over the place.

The prosecuting attorney clearly did not suggest that jurors place themselves in the position of a victim as in a "golden rule" argument. He simply argued that there was a possibility Porter would attempt to escape, and the words in this instance are not so flagrant as to constitute a basis to reverse for failure to control the closing remarks of the prosecutor. *See Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980); *Wetherington* v. *State*, 319 Ark. 37, 889 S.W.2d 34 (1994).

■    We note that the State, in its brief, has set forth a comparative analysis of Porter's death sentence. However, in *Williams* v. *State*, 321 Ark. 344, 902 S.W.2d 767 (1995), we found that the recently enacted sentencing procedures provide a statutory check on arbitrariness by requiring a bifurcated proceeding where the jury is provided with information on aggravating and mitigating circumstances and standards for the use of that information. On appeal, we thus limit our review to the aggravating and mitigating circumstances presented to the jury and no longer conduct a proportionality review. Here, the jury unanimously found two aggravating circumstances and no mitigating circumstances. We conclude there was no erroneous finding of any aggravating circumstance. *See Sasser* v. *State*, 321 Ark. 438, 902 S.W.2d 773 (1995).

The entire record has been examined pursuant to Ark. Sup. Ct. R. 4-3(h) for other reversible errors and we have found none.

Verdict and sentence affirmed.