Alan WILLETT *v.* STATE of Arkansas

CR 97-341                                          983 S.W.2d 409

Supreme Court of Arkansas
Opinion delivered December 17, 1998

*William M. Pearson; James S. Dunham;* and *J. Thomas Sullivan,* for appellant.

*Winston Bryant,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. This is the second time we have reviewed the imposition of death penalties for

each of two counts of capital murder committed by the appellant, Alan Willett. The two convictions for killing his son, Eric, and appellant's brother, Roger, were affirmed by this court in *Willett v. State*, 322 Ark. 613, 911 S.W.2d 937 (1995)(*Willett I*), as were convictions for attempted murder of appellant's surviving children, Jonathan and Ruby. In *Willett I*, appellant sought to challenge the sufficiency of the evidence to support the aggravating circumstance found by the jury, but that argument was not raised to the trial court; therefore we did not consider the merits of that argument on appeal. However, we found error in the completion of the forms relating to mitigating circumstances which made it impossible to discern whether the jury found any mitigating circumstances to consider during the penalty phase, and reversed and remanded for resentencing.

During the resentencing hearing in August of 1996, the jury was presented evidence that appellant committed the capital murders of Roger and Eric in an especially cruel or depraved manner as those terms are defined by Ark. Code Ann. § 5-4-604, the statute establishing aggravating circumstances. Evidence was also presented that a number of mitigating circumstances existed. The jury unanimously found that the statutory aggravating circumstance existed beyond a reasonable doubt; that the aggravating circumstance outweighed beyond a reasonable doubt all mitigating circumstances found to exist; and that the aggravating circumstance justified a sentence of death beyond a reasonable doubt for each of the capital murders. Appellant brings this appeal, and we affirm.

For his first point on appeal, the appellant contends that the evidence presented at the resentencing trial was insufficient to justify a sentence of death on each count of capital murder. Our test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Ricketts v. State*, 292 Ark. 256, 257, 729 S.W.2d 400, 401 (1987). On appeal, we review the evidence in the light most favorable to the appellee and sustain the conviction if there is any substantial evidence to support it. *Abdullah v. State*, 301 Ark. 235, 237, 783 S.W.2d 58, 59 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclu-

sion and pass beyond suspicion and conjecture. *Hodge v. State*, 303 Ark 375, 377, 797 S.W.2d 432, 433 (1990); *Jones v. State*, 269 Ark. 119, 120, 598 S.W.2d 748, 749 (1980).

The pertinent parts of Ark. Code Ann. § 5-4-604 provide:

> Aggravating circumstances shall be limited to the following:
>
> . . .
>
> (8)(A)  The capital murder was committed in an especially cruel or depraved manner.
>
> (B)  For purposes of this subdivision (8), a capital murder is committed in an especially cruel manner when, as part of a course of conduct intended to inflict mental anguish, serious physical abuse, or torture upon the victim prior to the victim's death, mental anguish, serious physical abuse, or torture is inflicted. "Mental anguish" is defined as the victim's uncertainty as to his ultimate fate. "Serious physical abuse" is defined as physical abuse that creates a substantial risk of death . . . "Torture" is defined as the infliction of extreme physical pain for a prolonged period of time prior to the victim's death.
>
> (C)  For purposes of this subdivision (8), a capital murder is committed in an especially depraved manner when the person . . . shows an indifference to the suffering of the victim and evidences a sense of pleasure in committing the murder. . . .

On review, we examine whether substantial evidence was presented to support the jury's unanimous finding that the statutory aggravating circumstance existed, that it outweighed all mitigating circumstances, and that it justified a sentence of death, all beyond a reasonable doubt.

### Evidence Supporting Aggravating Circumstances

The jury considered the testimony of appellant's daughter, Ruby, law-enforcement officials, and medical experts, and reviewed exhibits, photographs, and appellant's videotaped statement. Appellant's statement indicated that he considered murdering his family in August by carbon monoxide poisoning. He

drove his family to a nearby lake to carry out this plan, but did not complete the murders. One month later, he stated that he sat up all night planning to kill his family and then to commit suicide. Early in the morning of September 14, 1993, he chose an eight-pound window weight as his weapon and first attacked his daughter Ruby, because she, as the oldest, would be most likely to talk him out of his plan. He struck her on the head, but she awakened, and according to Ruby, when she screamed, he attempted to smother her. The noise roused Ruby's thirteen-year-old brother, Eric, who entered the room while Ruby was seeking to flee with the youngest brother, Jonathan, in her arms. The appellant struck Jonathan on the head, and then turned his attention to Eric while Ruby and Jonathan escaped. Appellant stated that Eric practically ran into the weapon, and fell to the ground when he was struck on the head. Appellant then turned upon his own mentally handicapped brother, Roger, told him to turn around, and when he did so, struck him on the head. The blow, however, did not stun him, and appellant repeated the attack with as many as five blows until Roger fell to the floor. Appellant then returned to Eric and struck him again to make sure he was dead, before appellant locked himself in the bathroom and cut himself on the wrists and throat. The medical testimony was that Eric may have lived as long as thirty minutes after being struck, and Roger was still alive when the officers arrived at the scene soon after Eric's death. Both Ruby and Jonathan survived, and appellant's conviction and sentence for attempted murder of Rudy and Jonathan, affirmed in *Willett I*, is not at issue in this appeal.

■■ We first consider whether there was substantial evidence to support the jury's finding that the statutory aggravating circumstance was proven beyond a reasonable doubt in each of the charges. As we look at the evidence that Eric's murder was committed in an especially cruel manner because it was part of a course of conduct intended to inflict mental anguish upon Eric, we find evidence that Eric was confronted a month earlier with a plan to kill the family by carbon monoxide poisoning. Although that plan was not carried out, the awareness that such a plan had been considered illuminated the scene on the morning of the murders when Eric, hearing his sister's screams, ran into the room

to witness his father's attack upon his sister Ruby and his brother Jonathan.

Appellant's defense that he didn't intend to inflict mental anguish upon Eric, he only intended to kill him, is demonstrative of an indifference to the suffering of the victim. Intent may be inferred from the circumstances of the crime. *See Weaver v State*, 324 Ark. 290, 294, 920 S.W.2d 491, 493 (1996). In this case, there was substantial evidence from which the jury could infer intent to inflict mental anguish, as well as to murder Eric, and in weighing the evidence, the jury is not required to accept appellant's explanation of his own motives. The jury is allowed to consider all evidence, including that which showed that Eric watched his father's attack upon his brother and sister. From this evidence a jury could find beyond a reasonable doubt that Eric must have suffered indescribable mental anguish and that he suffered uncertainty as to his ultimate fate as his father turned his attack upon him. *See Davasher v. State*, 308 Ark. 154, 170, 823 S.W.2d 863, 872, (1992), *cert. denied*, 112 S.Ct. 2948, 119 L. Ed.2d 571, 572 (1992). On review, the jury's judgment will be upheld if, taking the evidence in the light most favorable to the State, a rational trier of fact could find the aggravating circumstance to have existed beyond a reasonable doubt. *Kemp v. State*, 324 Ark. 178, 200, 919 S.W.2d 943, 953-954, *cert. denied*, 117 S. Ct 436, 136 L.Ed.2d 334 (1996).

■ While appellant's brother Roger might not have understood the significance of the plan to subject the family to carbon monoxide poisoning, there was abundant and substantial evidence that he witnessed the mayhem of the murderous scene of September 14, 1993, because the appellant told him to turn around, and when he did so, hit him in the back of the head with the window weight. Death was not merciful to either Eric or Roger. The first blow to the head did not stun Roger, and repeated blows were required to put him on the floor, where he remained alive until officers arrived. This substantial evidence would support the jury's finding that Roger's death resulted from an especially cruel or depraved manner because the means of inflicting death was serious physical abuse that first created a substantial risk of death,

which, when continued and intensified, did finally result in his death.

■ We conclude that there was substantial evidence before the jury to support the finding that the aggravating circumstance existed beyond a reasonable doubt in each of the counts of capital murder.

### Evidence of Mitigating Circumstances

The jury found that nine mitigating circumstances existed in this case. These factors were: (1) the capital murders were committed while Alan Willett was acting under unusual pressures; (2) before the 14th of September, 1993, Alan Willett had no history of criminal conduct; (3) before the 14th of September, 1993, Alan Willett helped coach Little League baseball and, in particular, helped a brain-damaged child; (4) after the 14th of September, 1993, Alan Willett has had no significant disciplinary problems with the prison system; (5) the crime committed on the 14th day of September, 1993, was out of character for Alan Willett; (6) Alan Willett cooperated with law enforcement in that he voluntarily gave a statement as to what happened on the 14th day of September 1993; (7) Alan Willett has exhibited remorse for having committed the offense; (8) Alan Willett can be a productive prisoner without the possibility of parole; and (9) Alan Willett directly suffered from the offense and will continue to suffer.

■ While only aggravating circumstances set forth in the statute may be considered by the jury , those aggravating circumstances must be established beyond a reasonable doubt. No similar limitation is placed upon mitigating circumstances. Ark. Code Ann. §§ 5-4-604—5-4-605 (Repl. 1997). A defendant is allowed to introduce evidence of mitigating circumstances, not limited to those set out in the statute, in order to persuade the jury that the aggravating circumstances which have been proven are mitigated so that they do not justify, beyond a reasonable doubt, the imposition of the death penalty. Even the slightest evidence of a mitigating circumstance may be submitted to the jury, and the jury may find that the mitigating circumstance exists based upon the preponderance of the evidence. While even the slightest evidence of

a statutory aggravating circumstance may be presented to the jury during the sentencing phase, the jury must be convinced beyond a reasonable doubt that the aggravating circumstance exists. Ark. Code Ann. § 5-4-603(a)(1) (Repl. 1997).

### Balancing Aggravating and Mitigating Circumstances

Following the determination of the existence of aggravating and mitigating circumstances, the jury is called upon to decide whether the aggravating circumstances outweigh beyond a reasonable doubt any mitigating circumstances that any of the jurors have found to exist. We note that when the jury finds that mitigating circumstances exist, if one juror determines that the aggravating circumstances do not exceed the mitigating circumstances beyond a reasonable doubt, the death sentence cannot be imposed. Here, the jury unanimously found one aggravating circumstance existed and that it outweighed the mitigating factors beyond a reasonable doubt. The balancing of mitigating and aggravating circumstances is the duty of the jury. Ark. Code Ann. § 5-4-603 (Repl. 1997).

### Imposition of Sentence

If the jury has unanimously agreed that one or more aggravating circumstances exist beyond a reasonable doubt, and that the aggravating circumstances outweigh beyond a reasonable doubt the mitigating circumstances, the jury must then determine whether the aggravating circumstances justify beyond a reasonable doubt the sentence of death. Only if the jury unanimously agrees can the death penalty be imposed.

We have reviewed the evidence presented during this resentencing trial, and conclude that substantial evidence was presented to the jury to support its findings that: (1) an aggravating circumstance existed; (2) that it outweighed the mitigating circumstances which the jury found to exist; and (3) that the aggravating circumstance that the capital murders were committed in an especially cruel and depraved manner justifies the imposition of a death sentence, all beyond a reasonable doubt. We affirm this point on appeal.

## Constitutionality of Sentence

For his second point on appeal, appellant urges that the sentences of death are in violation of the Eighth and Fourteenth amendments of the United States Constitution as there is no meaningful appellate review of the jury's finding of aggravating circumstances.

Appellant contends that by allowing the jury's consideration of those aggravating and mitigating circumstances for which there is some evidence, however slight, that we have unconstitutionally modified our requirement for substantial evidence to establish an aggravating circumstance beyond a reasonable doubt. This argument stems from our decision in *Miller v. State*, 269 Ark. 341, 605 S.W.2d 430 (1980). In *Miller*, we considered the problems inherent in the widespread practice by trial courts of submitting to the jury during the sentencing phase all mitigating and statutory aggravating factors whether or not there was any evidence to support them, and expressed our view that the better practice would be to only submit for the jury's consideration those aggravating and mitigating factors for which there is any evidence, however slight. *Id.* We noted that each of the jury's findings as to the existence of aggravating and mitigating circumstances was not a separate little verdict and also made the observation, upon which we did not rely, that "we do not require the same degree of proof to sustain a jury finding that an aggravating or mitigating circumstance exists as we would require to sustain a conviction if that circumstance was a separate crime." *Miller*, 269 Ark. at 355, 605 S.W.2d at 439. That statement is not correct with respect to the degree of proof required by a jury to support an aggravating circumstance which must be found to exist beyond a reasonable doubt to justify a sentence of death.

In *Miller*, we reviewed the jury's findings of aggravating circumstances justifying the imposition of the death sentence and applied the correct standard of review. We found that "there was sufficient evidence for the jury to find beyond a reasonable doubt that appellant killed the deceased to eliminate a witness and thus hopefully avoid arrest. . . ." *Id.* The United States Court of Appeals for the Eighth Circuit pointed out that the language in

*Miller* was flawed, but concluded that we had followed a correct standard of review. *Miller v. Lockhart*, 65 F.3d 676, 686-87 (8th Cir. 1995). In our later cases we have restated the standard that we will "review the sufficiency of the State's evidence in the light most favorable to the State to determine whether any rational trier of fact could have found the existence of the aggravating circumstance beyond a reasonable doubt." *Kemp v. State*, 324 Ark. at 199, 919 S.W.2d at 953. We do not change the rule established in *Miller* which allows the jury to consider those mitigating and statutory aggravating circumstance for which evidence, however slight, exists. However, we will continue to review all findings relating to aggravating circumstances which support the imposition of a death penalty to determine whether there existed substantial evidence for the jury to find beyond a reasonable doubt that one or more aggravating circumstances existed, that the aggravating circumstances outweighed the mitigating circumstances beyond a reasonable doubt, and that the aggravating circumstances justified a sentence of death beyond a reasonable doubt.

We have adhered to that standard of review in our consideration of the first point on appeal in this case, and hold that the death penalty in this case was constitutionally imposed.

*Rule 4-3(h)*

As required by Ark. Code. Ann. § 16-91-113(a) and Rule 4-3(h) of the Rules of the Arkansas Supreme Court, we have reviewed the entire record for other reversible errors and, finding none affirm the verdict and sentence of the jury.

Affirmed.

IMBER, J., concurring in part.

NEWBERN and IMBER, JJ., dissenting.

ANNABELLE CLINTON IMBER, Justice, concurring. I concur in the result reached by the majority, but write only to note my agreement with Part I of the dissent.

DAVID NEWBERN, Justice, dissenting. The majority opinion states that a trial court should submit an aggravating circumstance to the jury for consideration if the State has introduced "any evidence, however slight," in support of the aggravating circumstance. The majority opinion then states, however, that a jury's finding that an aggravating circumstance exists beyond a reasonable doubt should be affirmed on appeal only if (1) the existence of the aggravating circumstance is supported by "substantial evidence," or (2) viewing the evidence "in the light most favorable to the State, a rational trier of fact could find the aggravating circumstance to have existed beyond a reasonable doubt." The majority concludes that substantial evidence supports the jury's finding that appellant Alan Willett committed the capital murders against his son and brother "in an especially cruel or depraved manner" as those terms are defined in Ark. Code Ann. § 5-4-604(8) (Repl. 1997), and it affirms Mr. Willett's death sentence based upon that aggravating circumstance.

It is correct to hold that, when we review the sufficiency of the evidence supporting a jury's finding that an aggravating circumstance exists beyond a reasonable doubt, we should apply the "substantial evidence" standard. I disagree, however, with the majority's suggestion that a different standard, *i.e.,* "any evidence, however slight," should be applied by a trial court when deciding whether to submit an aggravating circumstance to the jury. There is no substantial evidence that Mr. Willett murdered his son and brother "in an especially cruel or depraved manner." The evidence is insufficient to establish that aggravating circumstance, and we therefore should reverse and remand for resentencing.

### 1. The "substantial evidence" standard

We have consistently held that evidence supporting a conviction is sufficient if it is "substantial." *Huggins v. State*, 322 Ark. 70, 74, 907 S.W.2d 697, 700 (1995). Applying the "substantial evidence" standard, we will affirm a verdict of guilt if the evidence, when viewed in the light most favorable to the State, is "forceful enough to compel reasonable minds to reach a conclusion one way or the other" without "having to resort to speculation or conjecture." *McGehee v. State* 328 Ark. 404, 410, 943 S.W.2d

585, 588 (1997). We consider only the evidence "supporting the verdict," and we neither "weigh the evidence presented at trial, as that is a matter for the factfinder," nor "weigh the credibility of the witnesses." *Bell v. State*, 334 Ark. 285, 292, 973 S.W.2d 806, 810 (1998).

In our death-penalty cases, however, we have been remarkably *inconsistent* in describing the standard to be applied when reviewing the sufficiency of the evidence supporting a jury's finding that an aggravating circumstance exists beyond a reasonable doubt. In *Miller v. State*, 269 Ark. 341, 354, 605 S.W.2d 430, 438 (1980), we said that a trial court should submit an aggravating circumstance to the jury if the circumstance is supported by "any evidence . . . however slight." We further indicated that, when reviewing the sufficiency of the evidence supporting an aggravating circumstance, we would "not require the same degree of proof to sustain a jury finding that an aggravating or mitigating circumstance exists as we would require to sustain a conviction if that circumstance was a separate crime." 269 Ark. at 355, 605 S.W.2d at 439.

A fair reading of the *Miller* case and the cases that have followed it, *see Dansby v. State*, 319 Ark. 506, 524, 893 S.W.2d 331, 341 (1995); *Wainwright v. State*, 302 Ark. 371, 385, 790 S.W.2d 420, 427 (1990); *Parker v. State*, 300 Ark. 360, 368-69, 779 S.W.2d 156, 160 (1989); *Clines v. State*, 280 Ark. 77, 92, 656 S.W.2d 684, 691 (1983); *Miller v. State*, 280 Ark. 551, 559, 660 S.W.2d 163, 167 (1983)(Hays, J., concurring), suggests that, in reviewing the sufficiency of the evidence supporting a jury's aggravated-circumstance finding, we apply a standard different from, and less demanding than, the standard applied when reviewing the sufficiency of the evidence supporting a jury's finding of guilt.

In the case now before us, the majority, correctly in my view, departs from that precedent and holds, contrary to the *Miller* decision, that an aggravated-circumstance finding must be supported by "substantial evidence," which *is* "the same degree of proof . . . require[d] to sustain a conviction . . . ." *Miller v. State*, 269 Ark. at 355, 605 S.W.2d at 439. In determining whether an

accused is guilty of an offense, and in determining whether an aggravating circumstance exists, the jury applies the very same standard — *i.e.*, "beyond a reasonable doubt." It is only logical that this Court apply the same standard on appeal — *i.e.*, "substantial evidence" — when reviewing the sufficiency of the evidence supporting those jury determinations.

Despite our statements in our 1980 *Miller* opinion, we have applied, in at least four cases, the "substantial evidence" standard when reviewing the sufficiency of the evidence supporting an aggravated-circumstance finding. *See Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998); *Echols v. State*, 326 Ark. 917, 988, 936 S.W.2d 509, 546 (1996); *Sheridan v. State*, 313 Ark. 23, 30-32, 852 S.W.2d 772, 775-77 (1993); *Miller v. State*, 280 Ark. 551, 554, 660 S.W.2d 163, 165 (1983).

Although I agree with the majority's application of the "substantial evidence" standard in this case, I find its reference to a *second* standard of review to be confusing. The majority first states, correctly, that a finding that an aggravating circumstance exists beyond a reasonable doubt must be supported by "substantial evidence." It then states, however, that such a finding will be affirmed if, "taking the evidence in the light most favorable to the State, a rational trier of fact could find the aggravating circumstance to have existed beyond a reasonable doubt."

This second standard, known as the "rational factfinder" standard, is applied in federal court when a *habeas corpus* petitioner challenges, under the Due Process Clause, the sufficiency of the evidence supporting a state court's finding that an aggravating circumstance exists. *Lewis v. Jeffers*, 497 U.S. 764 (1990). The same standard applies in federal court when a *habeas corpus* petitioner challenges on due-process grounds the sufficiency of the evidence supporting a state-court conviction. *Jackson v. Virginia*, 443 U.S. 307 (1979).

Following *Lewis v. Jeffers, supra*, we applied the "rational factfinder" standard in at least two cases in which we considered the sufficiency of the evidence supporting an aggravated-circumstance finding. *See Kemp v. State*, 324 Ark. 178, 200, 919 S.W.2d 943, 953 (1996); *Coulter v. State*, 304 Ark. 527, 533, 804 S.W.2d

348, 351-52, *cert. denied*, 502 U.S. 829 (1991). *See also Miller v. Lockhart*, 65 F.3d 676 (8th Cir. 1995). In cases reviewing the sufficiency of the evidence supporting convictions, however, we have consistently applied the "substantial evidence" standard rather than the federal standard announced in *Jackson*. In *Jones v. State*, 269 Ark. 119, 120, 598 S.W.2d 748, 749 (1980), we said that the language in *Jackson v. Virginia* did not "require[ ] us to abandon our decisions regarding the test of whether a jury verdict should stand in a criminal case. There must be substantial evidence to support such a decision." *See also Ricks v. State*, 316 Ark. 601, 604, 873 S.W.2d 808, 810 (1994)(stating "the federal test as set forth in *Jackson v. Virginia* . . . is of no particular relevance . . . .").

Despite our application of the "rational factfinder" standard in the *Kemp* and *Coulter* cases, we should, for the sake of clarity and consistency, apply only the "substantial evidence" standard in any case in which we review the sufficiency of the evidence supporting either a conviction or a finding that an aggravated circumstance exists. Our "substantial evidence" standard is arguably a "rough equivalent[ ]" to the *Jackson-Lewis* standard, *see Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 n.10 (1994), and there is no suggestion that our standard affords any less "due process" to an accused than the standard articulated in the *Jackson* and *Lewis* cases. *See Tibbs v. Florida*, 457 U.S. 31, 45 and n.21 (1982) (stating "the due process test of *Jackson v. Virginia*" "sets a lower limit on an appellate court's definition of evidentiary sufficiency"). The majority opinion, by referring to, and perhaps applying, the "substantial evidence" *and* the "rational factfinder" standards of review, muddies an area of the law that is in need of clarity.

There is one final statement in the majority's discussion of this point that I find troublesome. The majority correctly holds that a jury's finding that an aggravating circumstance exists beyond a reasonable doubt must be supported by "substantial evidence." It suggests, however, relying on language in the 1980 *Miller* case, that a trial court may submit an aggravating circumstance to the jury if the State introduces "any evidence, however slight," in support of the aggravating circumstance.

The "substantial evidence" standard clearly requires a greater quantum of proof than the "any evidence, however slight" standard. The problem with the majority's suggestion, then, is obvious. A rule allowing a trial court to submit an aggravating circumstance to the jury upon a lower evidentiary threshold, such as "any evidence, however slight," will *always* result in a reversal if a jury finds the existence of an aggravating circumstance when the evidence supporting the aggravating circumstance is anything less than "substantial." Thus, if this Court is to apply the "substantial evidence" standard in reviewing the sufficiency of the evidence supporting a jury's finding that an aggravated circumstance exists, then that is the standard that a trial court should apply in determining whether to submit an aggravating circumstance to the jury. For the sake of judicial economy, a trial court should not submit an aggravating circumstance to the jury unless there is substantial evidence, not merely slight evidence, in support of it.

### 2. "Especially cruel or depraved manner"

Applying the "substantial evidence" standard, I cannot agree with the majority's decision to affirm Mr. Willett's death sentence based upon the "especially cruel or depraved manner" aggravating circumstance set forth in Ark. Code Ann. § 5-4-604(8) (Repl. 1997). In my view, there is insufficient evidence to support the jury's finding that this aggravating circumstance existed beyond a reasonable doubt.

According to § 5-4-604(8)(A), a defendant who commits a capital murder in "an especially cruel or depraved manner" may be subject to the death penalty. In the case at bar, the jury was instructed on the entire statute, but the State does not argue, and the majority opinion does not suggest, that Mr. Willett murdered his son and brother in an "especially depraved manner." Indeed, the record contains absolutely no evidence suggesting that the murders fall within that provision.

The question is whether these victims were murdered in an "especially cruel manner." Section 5-4-604(8)(B) provides that "a capital murder is committed in an especially cruel manner when"

as part of a course of conduct *intended* to inflict mental anguish, serious physical abuse, or torture upon the victim prior to the victim's death, mental anguish, serious physical abuse, or torture is inflicted. "Mental anguish" is defined as the victim's uncertainty as to his ultimate fate. "Serious physical abuse" is defined as physical abuse that creates a substantial risk of death or that causes protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. "Torture" is defined as the infliction of extreme physical pain for a prolonged period of time prior to the victim's death. [Emphasis supplied.]

As there is neither argument from the State, nor any suggestion from the majority, nor any evidence in the record that Mr. Willett "tortured" his victims within the meaning of the above statute, the precise issue is whether this case falls within the "mental anguish" or "serious physical abuse" provisions.

According to the majority, there is substantial evidence (1) that Mr. Willett intended to inflict "mental anguish" on his son Eric prior to his death and that Eric actually suffered "mental anguish"; and (2) that Mr. Willett intended to inflict "serious physical abuse" on his brother Roger prior to his death and that Roger actually suffered such abuse before he died.

Even if it could be conceded that Eric was uncertain "as to his ultimate fate" in the last moments of his life and that Roger suffered "serious physical abuse" before he died, there is absolutely no evidence to show that Mr. Willett *intended* to inflict such forms of "cruelty" on his two victims.

The record leaves no doubt that Mr. Willett murdered his son and brother, and attempted to kill himself and his other children, because he feared that the Department of Human Services, which had been investigating his family, was engaged in a "conspiracy" to "take away" custody of Mr. Willett's children and brother. Mr. Willett's statement, which was controverted by none of the State's evidence, as well as all of his actions, established that Mr. Willett's intention was to commit the murders quickly, without causing his victims to suffer, so that he and his family could all go "to the Lord." The State had the burden of presenting substantial evidence in support of the aggravating circumstance it

alleged, *Greene v. State, supra*, and that burden was not met. There is no evidence that Mr. Willett bore any animosity toward the victims, much less any evidence that he intended to treat them in an "especially cruel manner."

On account of this insufficiency in the evidence, Mr. Willett's sentence of death should be reversed and the case remanded for a resentencing procedure.

I respectfully dissent.

IMBER, J., joins in part one of this opinion.