Charles PHILYAW *v.* STATE OF Arkansas

CR 86-181                                    728 S.W.2d 150

Supreme Court of Arkansas
Opinion delivered April 20, 1987

*Marc Aaron Kline*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Charles Philyaw was convicted in

1981 of the aggravated robbery of a Texarkana liquor store. A sentence of life imprisonment and a $12,000 fine were imposed. Philyaw filed a timely notice of appeal but no further action was taken toward an appeal.

On September 8, 1986, the United States District Court for the Western District of Arkansas ordered the State of Arkansas by its Attorney General to either request this court to grant Charles Philyaw a belated appeal or to try him a second time on the charge of aggravated robbery. The state chose to request a belated appeal, which we granted and have now considered. Two points for reversal are argued—there was insufficient evidence to support the conviction and defense counsel failed to provide effective assistance against all of the charges. We find the arguments untenable.

## Sufficiency of the Evidence

Charles Philyaw's involvement in the crime was proved by a combination of direct and circumstantial evidence. Officer Charles Lambert testified that at around 9:30 on the morning of May 11, 1981, he, Lt. Duvall and Sgt. R.D. Branch of the Arkansas State Police drove past the Cabana Liquor Store in Texarkana. They noticed an automobile parked some distance away and watched as a man later identified as Fabian Costillo got out of the passenger side and started toward the liquor store. An unidentified man remained behind the wheel of the automobile. One of the officers remarked that the man approaching the liquor store appeared capable of robbing it. Five or ten minutes later they learned the store had just been robbed.

Ms. Mary Nell Clingan testified that she opened the Cabana at 9 o'clock. At about 9:45 a man entered the store, pointed a gun at her and asked for "Friday and Saturday night's money." She told him she had already been to the bank and he ordered her to open the cash register, which she did, handing him the contents, about $280. He said, "give me the money under the counter." Ms. Clingan gave him a bank bag containing rolled coins. He directed her to the back of the store and left the building. Ms. Clingan called the police promptly. She did not see the man leave. At trial she identified Fabian Costillo as the man who robbed her.

Ms. Clingan also identified Charles Philyaw as the husband

of Joyce Philyaw, who had worked for Ms. Clingan at the Cabana. While Ms. Philyaw worked there it was the custom to open earlier and to deposit Friday and Saturday's receipts at about 1:00 p.m. on Monday. She also said cash was kept in a bank bag under the counter and that Charles Philyaw was familiar with these customs. She admitted not having seen Charles Philyaw at the store at the time of the robbery.

Shortly after 10 o'clock Officer Alen Craig received a radio report of the robbery as he was patrolling on Interstate 30 near Hope. He observed a vehicle occupied by Philyaw and Costillo and followed it off the interstate at Hope into a service station. The officer got out of his car and approached the passenger side of the vehicle, noting that the passenger fit the description of the robbery suspect. As the officer began to search Costillo, Philyaw went to the driver's side of the car, got a pistol and pointed it at Craig as Costillo and Craig struggled. The officer managed to draw his own weapon and fire five times, striking Philyaw twice. Craig identified the weapon used by Charles Philyaw, and though he could not say with certainty that Philyaw had fired the pistol, an empty cartridge was found in the chamber. Other evidence linked Philyaw to the robbery, including the bank bag and cash and ownership of the automobile. The defense rested without offering any evidence. We regard the proof as fully sufficient to sustain a verdict of guilt.

We have examined other objections made during the trial pursuant to Rule 11(f), Rules of the Supreme Court, Ark. Stat. Ann. Vol. 3A (Repl. 1977), and find no error. See *Earl* v. *State*, 272 Ark. 5, 612 S.W.2d 98 (1981).

### Ineffective Assistance of Counsel

Ordinarily we would not address Rule 37 issues in a direct appeal from a judgment of conviction. *Knappenberger* v. *State*, 278 Ark. 382, 647 S.W.2d 417 (1983). However, we make exception in this case because this federally ordered belated appeal comes after attempted post-conviction remedies were begun by Philyaw in 1984, when he filed a 39 page Rule 37 petition in the trial court. The trial court denied the petition by order dated July 19, 1985.

We will not list all of appellant's 11 points for reversal

for alleged ineffective assistance of counsel. They are too generalized and non-specific to be treated ("No objections were made to the misstatement of the burdens of proof by the appellee"—"The redirect examination of Ms. Clingan was improper, as it was outside the scope of cross-examination and even the original direct examination, yet no objection was made,"—"No objection was made regarding Officer Lambert's testimony of Sgt. Branch's statement and speculation"—"No objection was made to illiciting (sic) testimony regarding the 'shoot-out.' This would be improper as being irrelevant to proving the elements of the robbery"). The arguments are facially without merit. For example, appellant argues that counsel was ineffective because he "passively accepted" the trial judge's denial of motions for a directed verdict based on insufficiency of the evidence. But we have held that a failure to move for a directed verdict is not cognizable under Rule 37. *Guy* v. *State*, 282 Ark. 424, 668 S.W.2d 952 (1984).

■ Counsel for the defendant is presumed to be effective, and when a convicted defendant complains of ineffective assistance of counsel he must show that counsel's representation fell below an objective standard of reasonableness and that but for counsel's unprofessional errors the result of the trial would probably have been different. *Strickland* v. *Washington*, 466 U.S. 668 (1984); *Jones* v. *State*, 288 Ark. 375, 705 S.W.2d 874 (1986). Appellant's allegations of ineffective assistance do not meet either requirement.

The judgment of conviction and the order denying Rule 37 relief are AFFIRMED.