Nathaniel THOMAS *v.* STATE of Arkansas

CR 95-406                                    911 S.W.2d 259

Supreme Court of Arkansas
Opinion delivered December 4, 1995

*Wallace, Hamner & Adams*, by: *Phillip M. Hendry*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

PER CURIAM. Nathaniel Thomas was convicted of one count of capital murder and two counts of first-degree murder. We affirmed. *Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994). Mr. Thomas subsequently filed in the trial court a petition for post-conviction relief pursuant to Criminal Procedure Rule 37 which was denied. Appellant Thomas brings this appeal. We find one allegation which should be considered by the trial court and thus reverse and remand for further proceedings in keeping with this opinion.

The appellant claimed that his counsel was ineffective in that he failed to renew his motion for a directed verdict at the end of the evidence and by so doing caused appellant to waive his challenge to the sufficiency of the evidence. This court has held that an allegation of ineffective assistance of counsel based on counsel's failure to move for a directed verdict was not cognizable under Rule 37. *Philyaw* v. *State*, 292 Ark. 24, 728 S.W.2d 150 (1987). We have further held that an allegation of ineffective assistance of counsel based on a trial attorney's failure to renew a directed verdict motion was not grounds for post-conviction relief. *Mobbs* v. *State*, 307 Ark. 505, 821 S.W.2d 769 (1991).

We now overrule *Philyaw, Mobbs* and their progeny *prospectively* to the extent that those cases hold that an allegation of ineffective assistance of counsel for failure to raise the issue of the sufficiency of the evidence in accordance with the prevailing rules of procedure cannot be grounds for relief under Rule 37. Accordingly, we reverse and remand this matter so that the trial court may address all allegations of ineffective assistance of counsel raised by appellant in his petition for post-conviction relief. In doing so, we do not intend to suggest that the allegation made by appellant is necessarily meritorious; only that the trial court should consider it.

To prevail on any claim of ineffective assistance of

counsel, the petitioner must show first that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the sixth amendment. Second, the petitioner must show that the deficient performance prejudiced the defense, which requires showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable.

A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must show there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, i.e., the decision reached would have been different absent the errors. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland* v. *Washington*, 466 U.S. 668 (1984).

Reversed and remanded.