Nathaniel THOMAS *v.* STATE of Arkansas

CR 96-803 954 S.W.2d 255

Supreme Court of Arkansas
Opinion delivered November 6, 1997

*Wallace, Hamner & Hendry,* by: *Phillip M. Hendry,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Nathaniel Thomas appeals the denial of relief under Arkansas Rule of Criminal Procedure 37 from the Pulaski County Circuit Court. Appellant asserts that the trial court erred in denying the Rule 37 petition because his attorney was ineffective by failing to timely renew the motion for directed verdict at the conclusion of Appellant's case, thus barring a challenge to the sufficiency of the evidence on appeal. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 1-2(a)(4). We affirm.

Appellant was charged along with three other men, James Ellison, Lawrence Butler, and Clayton Phillips, with three counts of capital murder in the shooting deaths of Cyrus Lee, Sabrina Earl, and Marcus Johnson at an apartment in Little Rock on February 19, 1992. He was tried before a jury on December 9 and 10, 1992, and found guilty of the capital murder of Cyrus Lee, and the first-degree murders of Sabrina Earl and Marcus Johnson. Appellant received respective sentences of life imprisonment without parole and two terms of forty years' imprisonment to run concurrently together, but consecutive to the life term.

On appeal to this court, Appellant raised two points for reversal, one regarding the sufficiency of the evidence and the second concerning the admissibility of custodial statements. Neither argument had merit, and we affirmed the judgment of the trial court. *Thomas v. State,* 315 Ark. 504, 868 S.W.2d 483 (1994). The record of the trial demonstrated that Appellant's counsel did not attempt to renew the directed-verdict motion until the jury had begun its deliberations, after being prompted by the trial court. This court held that Appellant's sufficiency argument was

thus not preserved for appeal, because he failed to timely renew his motion for directed verdict after he had presented evidence in his defense. A defendant who goes forward with the production of additional evidence after a directed-verdict motion is overruled waives any further reliance upon the former motion. *Crawford v. State*, 309 Ark. 54, 827 S.W.2d 134 (1992); *Rudd v. State*, 308 Ark. 401, 825 S.W.2d 565 (1992).

Following our affirmance of the direct appeal, Appellant filed in the trial court a petition for postconviction relief pursuant to Rule 37, which was subsequently denied. Appellant then appealed that ruling, and this court reversed and remanded so that the trial court could address Appellant's allegation that his trial counsel was ineffective for failing to properly preserve his challenge to the sufficiency of the evidence. *Thomas v. State*, 322 Ark. 670, 911 S.W.2d 259 (1995). In that opinion, this court prospectively overruled the holdings in *Philyaw v. State*, 292 Ark. 24, 728 S.W.2d 150 (1987), and *Mobbs v. State*, 307 Ark. 505, 821 S.W.2d 769 (1991), that an allegation of ineffective assistance of counsel based on counsel's failure to move for a directed verdict was not cognizable under Rule 37.

On remand, the trial court again denied the requested relief under Rule 37, after having reviewed the evidence regarding Appellant's allegation that counsel had been ineffective in the representation of Appellant for failing to timely renew the motion for directed verdict. The trial court found in its order:

> As the record from the trial reflects, at the end of the State's case, Petitioner's counsel made a detailed and thorough motion for a directed verdict. The Court overruled the motion, explaining that the State had provided sufficient evidence for the case to be presented to the jury. The fact that Petitioner's counsel did not renew the directed verdict after the defense rested does not alter the sufficiency of the evidence presented by the State, which in the Court's view, had already reached the amount necessary to proceed to the jury. *It cannot be said that but for counsel's failure to renew the motion, the factfinder, in this case the jury, would have reached a different conclusion on the guilt or innocence of Petitioner, since the Court had already determined that the State could proceed with its case.* [Emphasis added.]

■ The question before us now is what standard of review should we apply in determining whether the trial court erred in reviewing its own previous decision to deny Appellant's motion for directed verdict. We conclude that the appropriate standard of review for this issue is whether the trial court's decision was clearly erroneous or clearly against the preponderance of the evidence presented at trial and during the hearing on the Rule 37 petition. For reasons set out below, we conclude that the trial court was not clearly erroneous in denying Appellant's requested relief under Rule 37.

■ The criteria for assessing the effectiveness of counsel were enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* provides that when a convicted defendant complains of ineffective assistance of counsel, he must show that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced his defense. Judicial review of counsel's performance must be highly deferential, and a fair assessment of counsel's performance under *Strickland* requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's conduct, and to evaluate the conduct from counsel's perspective at the time. *Missildine v. State*, 314 Ark. 500, 863 S.W.2d 813 (1993). A reviewing court must indulge a strong presumption that the conduct falls within the wide range of reasonable professional assistance. *Id.*

■ ■ To prevail on any claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Thomas*, 322 Ark. 670, 911 S.W.2d 259. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id.* Secondly, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id.* Unless a petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Id.* In reviewing the denial of relief under Rule 37, this court must indulge in a strong presumption that counsel's conduct

falls within the wide range of reasonable professional assistance. *Id.* The petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt in that the decision reached would have been different absent the errors. *Id; Huls v. State,* 301 Ark. 572, 785 S.W.2d 467 (1990). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Strickland,* 466 U.S. 668; *Thomas,* 322 Ark. 670, 911 S.W.2d 259.

■ Ineffective assistance of counsel cannot be established merely by showing that an error was made by counsel or by revealing that a failure to object prevented an issue from being addressed on appeal. *Huls,* 301 Ark. 572, 785 S.W.2d 467. In *Huls,* this court found that even if a timely objection at trial could have prevented the jury from hearing a witness's testimony, the testimony, when taken with the entire evidence presented at trial, did not lead to a conclusion that there was a reasonable probability that the jury would have acquitted petitioner if the witness had not testified. In making a determination on a claim of counsel's ineffectiveness, we must consider the totality of the evidence presented to the judge or jury. *Id.*

Normally, to prevail on a claim of counsel's ineffectiveness, the appellant must demonstrate that but for counsel's errors, the jury would have reached a different conclusion. In the present case, that cannot be the focus of our inquiry because if the directed-verdict motion had been timely renewed and granted, the matter would not have gone to the jury. The trial court in this case seemed to be puzzled because the case was remanded for a determination of whether counsel was ineffective due to the failure to renew the directed-verdict motion. The trial judge remarked that he had already decided that the State's case was sufficient to go to the jury.

■ The duty of the trial court upon remand was to determine whether anything that happened between the time the motion was denied at the conclusion of the State's case and the conclusion of all the evidence would have caused him to grant the motion upon renewal. An example of such an event might be the

defense's presentation of a witness who had previously testified for the prosecution, but wished to change or recant his or her testimony. Once the trial court determines that no such event occurred, and thus no prejudice resulted from the failure to renew the motion, an appeal of that decision would have to result ultimately in our review of whether the evidence was or was not sufficient for presentation to the jury. Upon reviewing the totality of the evidence, we conclude that there was sufficient evidence for presentation of the case to the jury.

■ The motion made at the end of the State's case-in-chief was based on the assertion that the State had failed to prove that Appellant was an accomplice to the murders. The trial court denied the motion based on the fact that the jury might accept the statements that Appellant had given to the police. Arkansas Code Annotated § 5-2-403(a) (Repl. 1993) provides that a person is an accomplice of another person in the commission of an offense if, with the requisite intent, he aids, agrees to aid, or attempts to aid the other person in the commission of the offense. *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). Under the accomplice liability statute, a defendant may properly be found guilty not only for his own conduct, but also for that conduct of his accomplice. *Id.* When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Id.* There is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. *Id.* In a case based upon circumstantial evidence, relevant circumstances include the presence of an accused in proximity to the crime, opportunity, association with persons involved in a manner suggesting joint participation, and possession of instruments used in the commission of the offense. *Cassell v. State*, 273 Ark. 59, 616 S.W.2d 485 (1981). The mere presence of a person at the scene of a crime is not proof of his guilt. *Green v. State*, 265 Ark. 179, 577 S.W.2d 586 (1979).

From the record provided, we can discern the substance of Appellant's statements as follows. Appellant told the police that one of the victims, Cyrus Lee, owed money for drugs to James Ellison, Lawrence Butler, and Clayton Phillips. After these three men gathered their guns, Appellant agreed to go with them to go

get their money. Appellant asserted that the three men pushed their way into the apartment and stayed inside for thirty to forty-five minutes. Apparently, when they came outside with blood on their clothes, they told Appellant that the victim would not give them their money, so they made him pay another way. Ellison told Appellant that he should burn the bloodstained clothes. Appellant asserted that instead, he put the bloody clothes in a paper sack and left them in a trash dump behind Ellison's house. Appellant declared that he remained outside while the murders were occurring inside the apartment. Notwithstanding that claim, the State asserts that he provided details of what occurred inside the apartment in his statement to police.

██ In sum, the totality of the evidence demonstrates that Appellant was not prejudiced by counsel's failure to timely renew the directed-verdict motion. Appellant stated that he knew that the three men were going to the apartment to collect drug money and that they were armed with guns. He went with them to the apartment. He knew details about what happened inside the apartment, including the timing and location of the killings. He identified one of the murder weapons. In a taped statement, he stated that he could not see the victim that walked up later and entered the apartment, but he later made a photo identification of this victim. A bloody jacket was found in the house, near the trash dump where he claimed to have disposed of the other clothing, which he was supposed to dispose of by setting them on fire. He stated that he worked with the three codefendants making the drugs during this time period, and that he had continued to work with them after the murders. This evidence is sufficient to show that Appellant possessed the requisite knowledge and intent and was an accomplice in the three murders.

██ Based on the foregoing, Appellant did not demonstrate that he was prejudiced by counsel's error in failing to renew the directed-verdict motion. While the Appellant was not able to directly appeal any challenge to the sufficiency of the evidence, there was substantial evidence to support the verdict. Appellant did not prove the second prong of the *Strickland* test and was thus not denied the right to a fair trial. We will not reverse for a mere

potential of prejudice. *Gardner v. State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

Affirmed.