Bobby D. WEAVER *v.* STATE of Arkansas

CR 98-33                                    3 S.W.3d 323

Supreme Court of Arkansas
Opinion delivered November 4, 1999

*Chandler Law Firm*, by: *Edward Witt Chandler;* and *Louis Etoch*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Sr. Ass't Att'y Gen.; and *James Gowen*, Law Student Admitted to Practice Pursuant to Rule XV(E)(1)(b) of the Rules Governing Admission to the Bar of the Arkansas Supreme Court under the Supervision of *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellant Bobby D. Weaver was convicted of two counts of delivery of methamphetamine and sentenced to ten years' imprisonment on each conviction to run consecutively. The court of appeals issued a December 18, 1996, unpublished opinion which affirmed Weaver's case. Afterwards, Weaver filed a timely Rule 37 postconviction petition wherein he set out five reasons why his convictions should be set aside, but the trial court rejected each one. Weaver brings this appeal, arguing the trial court erred in its rulings and should be reversed. We take jurisdiction of this case pursuant to Ark. S. Ct. R. 1-2(b)(1), (3), (4) and (5) (1999).

Weaver first contends that his trial attorney, Larry Kissee, rendered ineffective assistance of counsel by failing to assert the defense of entrapment. To prevail on any claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997). This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the petitioner by the Sixth Amendment. *Id*. Petitioner must also show the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id*. In a Rule 37 review, this court indulges in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.

In the instant case, counsel Kissee's performance was quite reasonable when he chose to try Weaver's case without raising the affirmative defense of entrapment. It was the State's case that, on two occasions, February 2 and 4, 1996, Weaver purchased methamphetamine from an undercover officer, Nancy Tucker, and Weaver countered, stating that he could not have purchased the drug on February 2 because he was elsewhere fishing. Two witnesses testified and corroborated Weaver's alibi.

■ Our law is well established that, if a defendant denies committing an offense, he cannot assert that he was entrapped into committing the offense. *Heritage v. State*, 326 Ark. 839, 936 S.W.2d 499 (1996); *Young v. State*, 308 Ark. 647, 826 S.W.2d 814 (1992); *Morris v. State*, 300 Ark. 340, 779 S.W.2d 526 (1989). Nonetheless, Weaver argues Kissee still should have argued that an exception should be made to Arkansas's law based on the holding in *Mathews v. United States*, 485 U.S. 58 (1988). There the Supreme Court held that, even if the defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment. Our court recognized the rule in *Mathews* when it decided *Morris*, and in fact acknowledged two situations where the Arkansas rule could conflict with *Mathews*. One of these situations is not applicable here; the other would arise when the prosecution's case contains substantial evidence of entrapment, but the accused denies committing the offense charged. However, the *Morris* court held that it was not bound by the *Mathews* decision as it involved the construction of federal criminal procedure law and had no footing in constitutional law. Even though our court has not applied the rule in *Mathews*, Weaver submits Kissee still should have argued that entrapment should be available as an alternate defense where the State's case-in-chief contains sufficient evidence of entrapment. *See Heritage*, 326 Ark. at 847, 936 S.W.2d at 504. Weaver urges that Kissee was particularly obliged to seek such alternate affirmative relief because Kissee was intimately familiar with the *Mathews* rule, since he was the defense attorney in the *Heritage* and *Morris* decisions. However, it was Kissee's familiarity with those prior decisions which caused him to reject entrapment as a defense. In other words, he knew that Arkansas has not permitted the entrapment defense when a defendant asserts he was innocent of the crime.

In addition, while Weaver now suggests Kissee should have cross-examined State's witness Nancy Tucker at trial about her sexual relations with him and other men in an attempt to show she induced them to deliver illegal drugs, there is nothing in the record to indicate such concessions or admissions could have been achieved through the cross examination of Tucker. In this respect, the State's evidence revealed only that Weaver voluntarily participated in committing the two drug sales with which he was charged, and that Tucker never had sex with Weaver. Thus, even assuming

that Arkansas were bound by the *Mathews* rule, there was simply no substantial evidence of entrapment to support the giving of an entrapment instruction.

In short, Kissee was faced with placing the inconsistent defenses of alibi and entrapment before the court when only alibi evidence had been presented to the jury. In these circumstances, he opted to pursue only his alibi defense — an entrapment defense would only have been confusing to the jury. This court has repeatedly held that matters of trial tactics and strategy are not grounds for postconviction relief. *Hall v. State*, 326 Ark. 318, 933 S.W.2d 363 (1996); *see also Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989) (counsel cannot be ineffective for failing to raise an argument that this court has already rejected); *Vickers v. State*, 320 Ark. 437, 898 S.W.2d 26 (1995) (counsel cannot be declared ineffective for failing to present a defense theory entirely inconsistent with defendant's denial of committing the crime). Based on the record before us, the trial court in this Rule 37 proceeding was not clearly erroneous in holding Kissee was not ineffective for choosing against the idea of asserting entrapment as a defense.

We next turn to Weaver's contention that Kissee was ineffective in failing to assert the defense of "outrageous governmental conduct" and in his failure to move to suppress evidence that resulted from such conduct. Again, we conclude the trial court was correct in rejecting those arguments.

Weaver cites the cases of *United States v. Russell*, 411 U.S. 423 (1973), and *United States v. Hampton*, 425 U.S. 484 (1976), to support his second point for reversal. In *Russell*, the defendant was convicted of manufacturing methamphetamine, and the conviction was in part based on the work of an undercover officer who had supplied part of the chemicals necessary for the manufacturing process. In affirming the conviction, the Court declared that "[w]hile we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial process to obtain a conviction, the instant case is distinctly not of that breed." 411 U.S. at 422. *Hampton* was more of an entrapment case, in which the defendant was convicted of purchasing heroin from and reselling it to undercover DEA officers.

There the Court discussed the issue of the defendant's predisposition to engage in criminal activity and noted as follows:

> [T]he limitations of the Due Process Clause of the Fifth Amendment come into play only when the Government activity in question violates some protected right of the defendant.... If the result of the governmental activity is to implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission, the defendant is protected by the defense of entrapment.... But the police conduct here no more deprived defendant of any right secured to him by the United States Constitution than did the police conduct in *Russell* deprive Russell of any rights.

425 U.S. at 490-91. In neither *Russell* nor *Hampton* did the Court hold that police conduct in pursuit of a drug conviction constituted "outrageous governmental conduct."

■ Although the Supreme Court has not as yet utilized "outrageous governmental conduct" as a defense to bar prosecution, Weaver cites to twelve federal cases he argues support the application of the defense. However, a review of those cases reflects that most of those cases involve entrapment, not "outrageous conduct" situations. Only three of the cases cited involved outrageous conduct that was serious enough to bar prosecution; these situations involved long-term, substantial assistance from the police in contriving the criminal activity. *See United States v. Twigg*, 588 F.2d 373 (3d Cir. 1978); *United States v. Toscanino*, 500 F.2d 267 (2d Cir. 1974); *Commonwealth v. Mathews*, 500 A.2d 853 (Pa. Super. 1985). Here, no such police conduct was shown. Thus, even if Kissee was incorrect in his belief that "outrageous governmental conduct" was unavailable as a defense in Arkansas, no evidence had been adduced to bring the conduct of the police into issue. An attorney is not ineffective for failing to raise every novel issue which might conceivably be raised. *Fretwell v. State*, 292 Ark. 96, 728 S.W.2d 180 (1987); *see also Ruff v. Armontrout*, 77 F.3d 265 (8th Cir. 1996) (counsel need not raise every single conceivable argument to defeat a claim of ineffective assistance of counsel).[1]

---

[1] Because we hold Kissee was not ineffective for failing to raise "outrageous conduct" as a defense, we need not address whether Kissee erred in failing to move to suppress evidence resulting from such conduct. Besides, Weaver never mentioned the suppression issue below and cannot do so for the first time on appeal. *Hendrix v. State*, 291 Ark. 134, 722 S.W.2d 596 (1987).

Weaver makes three other arguments for reversal, and first claims error, asserting that the trial court denied Weaver's attempt to amend his postconviction petition on the day of the hearing. He also contends that the trial court erred in its order denying his application for exculpatory evidence under Rule 37, and in refusing Weaver the opportunity to conduct a polygraph examination of Nancy Tucker so he could use the exam results when cross examining Tucker at the Rule 37 hearing. As to his belated request to amend his petition, Rule 37.2(e) provides that such a petition may be amended with the leave of court. Here the trial court denied Weaver a last-minute effort to insert a due-process claim (based on an outrageous conduct theory) into his petition because the State was unprepared and unable to respond to the new theory without obtaining a continuance. Based on these facts, we are unable to say the trial court abused its discretion.

As to Weaver's claim bearing on the trial court's refusal to direct the State to provide exculpatory evidence comprising of a list of persons undercover agent Tucker had arrested and prosecuted, he simply is in no position to raise this matter in a Rule 37 proceeding. Weaver sought these persons' names and addresses in a belated attempt to substantiate his theory that Tucker engaged in sexual relations with Weaver and other men in an attempt to induce them to commit crimes involving illegal drugs. For authority, Weaver relies on *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the State to disclose all favorable evidence material to the guilt or punishment of an individual.

The list of persons, if any, now sought by Weaver, was available at his original trial, but he never sought the information, nor did he claim a right to such information on direct appeal. Weaver does not use this postconviction proceeding to claim his counsel at trial and on appeal were ineffective for failing to obtain the list of names, but instead, he seeks to obtain that information in this postconviction proceeding, saying he is entitled to it as exculpatory evidence.[2] Rule 37 does not provide for such discovery, and Weaver fails to cite any authority for the proposition. Neither does the Rule provide a remedy when an issue could have been raised in the trial or argued on appeal. *Malone v. State*, 294 Ark. 127, 741

---

[2] While Kissee was trial counsel, Anthony Wayne Emmons was substituted as Weaver's counsel on direct appeal.

S.W.2d 246 (1987). Our court has specifically held in *Neal v. State*, 270 Ark. 442, 605 S.W.2d 421 (1980), that Rule 37 does not allow a petitioner to raise questions which might have been raised at trial or on the record on appeal, unless they are so fundamental as to render the judgment void and open to collateral attack. If Weaver wanted to challenge the propriety of discovery, he should have done so before now by preserving the issue during his trial and raising it on direct appeal.

█ Finally, Weaver argues that the trial court abused its discretion in denying his motion to require Tucker to submit to a polygraph examination. Once again, Rule 37 proceedings are not intended to provide a forum for Weaver to present new evidence. Apparently, Weaver seeks the polygraph exam to present evidence to support his "outrageous governmental conduct" claim. Assuming he had a right to obtain a polygraph exam, Weaver had the opportunity to acquire that evidence before or at his trial, and he failed to request it. Again, he does not claim his counsel at trial or on direct appeal were ineffective for having failed to seek this evidence. However, the answer to this issue is made easier since our court has long held that, absent a stipulation by both parties, polygraph results are inadmissible. *See Wingfield v. State*, 303 Ark. 291, 796 S.W.2d 574 (1990). Thus, besides the fact that Weaver may not use a Rule 37 proceeding as a substitute to raise arguments that should have been raised at trial and on direct appeal, he is unable to show he was in any way prejudiced by the exclusion of a polygraph exam, since such exam results are inadmissible and because they are of no legal benefit to Weaver.

For the reasons above, we affirm.