## Rafael CAMARGO v. STATE of Arkansas

CR 00-292 55 S.W.3d 255

Supreme Court of Arkansas
Opinion delivered September 27, 2001

*Robert S. Blatt,* for appellant.

*Mark Pryor,* Att'y Gen., by: *David R. Raupp,* Sr. Ass't Att'y Gen., for appellee.

D ONALD L. CORBIN, Justice. This is a postconviction appeal from the denial of relief under Ark. R. Crim. P. 37. Appellant Rafael Camargo was convicted in the Crawford County Circuit Court of two counts of capital murder and sentenced to death for the October 1994 murders of Deanna Petree and her fifteen-month-old son, Jonathan Macias. This court affirmed the convictions, but reversed the death sentence and remanded for resentencing. *See Camargo v. State*, 327 Ark. 631, 940 S.W.2d 464 (1997). On remand, Appellant was again sentenced to death, and this court affirmed. *See Camargo v. State*, 337 Ark. 105, 987 S.W.2d 680 (1999). Appellant then filed a petition for relief under Rule 37. Following a hearing on the petition, the trial court denied relief. Appellant raises five points for reversal. The first three points concern alleged errors made by trial counsel and the trial court during jury selection in both the first trial and resentencing. The remaining two points are claims that counsel were ineffective for failing to move to dismiss for lack of a speedy trial and failing to properly investigate and present mitigating evidence during sentencing. We find no merit and affirm.

We note at the outset the well-settled test for proving claims of ineffective assistance of counsel and the corresponding standard of review:

> To prevail on a claim of ineffective assistance of counsel, the petitioner must show first that counsel's performance was deficient. *Jones v. State*, 340 Ark. 1, 8 S.W.3d 482 (2000); *Weaver v. State*, 339 Ark. 97, 3 S.W.3d 323 (1999). This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id*. at 99, 3 S.W.3d at 325. Petitioner must also show that the deficient performance prejudiced his defense; this requires a showing that counsel's errors were so serious as to deprive the petitioner of a fair trial. *Id*. Unless the petitioner makes both showings, it cannot be said that the conviction resulted from a breakdown in the adversarial process that renders the result unreliable. *Chenowith v. State*, 341 Ark. 722, 19 S.W.3d 612 (2000) (*per curiam*); *Thomas v. State*, 330 Ark. 442, 954 S.W.2d 255 (1997).

> The reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. To rebut this presumption, the petitioner must show that there is a reasonable probability that, but for counsel's errors, the factfinder would have had a reasonable doubt respecting guilt, *i.e.*, that the decision reached would have been different absent the errors. *Id*. A reasonable probability is one that is

sufficient to undermine confidence in the outcome of the trial. *Id.* In making a determination on a claim of ineffectiveness, the totality of the evidence before the factfinder must be considered. *Chenowith*, 341 Ark. 722, 19 S.W.3d 612. This court will not reverse the denial of postconviction relief unless the trial court's findings are clearly erroneous or clearly against the preponderance of the evidence. *Jones*, 340 Ark. 1, 8 S.W.3d 482; *State v. Dillard*, 338 Ark. 571, 998 S.W.2d 750 (1999).

*Coulter v. State*, 343 Ark. 22, 27, 31 S.W.3d 826, 829 (2000) (quoting *Noel v. State*, 342 Ark. 35, 38, 26 S.W.3d 123, 125 (2000)). With this standard in mind, we review the issues raised by Appellant.

## I. Jury Selection

Appellant's first three points concern alleged errors made by trial counsel and the trial court during jury selection in both his first trial and resentencing. He argues that: (1) the trial court erred in refusing to strike for cause three jurors during the first trial and one juror during resentencing; (2) trial counsel were ineffective in failing to challenge for cause two jurors during the first trial and five jurors during resentencing; and (3) trial counsel were ineffective for failing to preserve the jury-selection errors for appeal and in failing to pursue such errors on appeal. We discuss the first and third allegations of error together, as they are interrelated.

Appellant first argues that the trial court erred in denying his motions to strike for cause a total of four jurors during both the first trial and the resentencing. We do not address this argument, as it should have been raised on appeal. This court has consistently held that Rule 37 does not provide a remedy when an issue could have been raised in the trial or argued on appeal. *See, e.g., Davis v. State*, 345 Ark. 161, 44 S.W.3d 726 (2001); *Cothren v. State*, 344 Ark. 697, 42 S.W.3d 543 (2001); *Sasser v. State*, 338 Ark. 375, 993 S.W.2d 901 (1999) (*per curiam*). The only exception is where the questions raised are so fundamental as to render the judgment void and open to collateral attack. *Id.* That exception does not apply here. Accordingly, we will only consider Appellant's claim that his trial counsel were ineffective for failing to properly preserve this issue and raise it on appeal.

The law is well settled that to challenge a juror's presence on appeal, an appellant must demonstrate two things: (1) that he exhausted his peremptory challenges, and (2) that he was forced to

accept a juror who should have been excused for cause. *See Ferguson v. State,* 343 Ark. 159, 33 S.W.3d 115 (2000); *Bangs v. State,* 338 Ark. 515, 998 S.W.2d 738 (1999); *Willis v. State,* 334 Ark. 412, 977 S.W.2d 890 (1998). The record in this case reflects that none of the jurors sought to be removed for cause was seated on either jury; rather, each juror was removed by using a peremptory challenge. The record reflects further that Appellant did not exhaust his peremptory challenges during either trial. Trial counsel testified that they did not pursue on appeal a challenge to the trial court's refusal to strike the jurors offered for cause because they knew that they had not used all of their peremptory challenges. They stated that the decision of whether and when to use a peremptory challenge is a tactical decision. They explained that they do not purposely use up all of their peremptory challenges hoping to get a prejudiced juror just so they can challenge the trial court's rulings on appeal.

We agree with the trial court that counsels' actions did not amount to ineffective assistance of counsel. This court has consistently held that trial counsel is not ineffective for not pursuing on appeal an argument that is without merit. *See, e.g., Noel,* 342 Ark. 35, 26 S.W.3d 123; *Sanford v. State,* 342 Ark. 22, 25 S.W.3d 414 (2000); *Monts v. State,* 312 Ark. 547, 851 S.W.2d 432 (1993). Accordingly, because the defense did not exhaust all of its peremptory challenges and because Appellant has not shown that he was forced to accept a juror who should have been excused for cause, any argument raised on appeal would have been without merit. Moreover, we agree with the trial court that the use of peremptory challenges is largely a matter of trial strategy. *See Buckley v. State,* 341 Ark. 864, 20 S.W.3d 331 (2000); *Catlett v. State,* 331 Ark. 270, 962 S.W.2d 313 (1998) (*per curiam*); *Irons v. State,* 272 Ark. 493, 615 S.W.2d 374 (1981). Matters of trial strategy and tactics, even if arguably improvident, fall within the realm of counsel's professional judgment and are not grounds for a finding of ineffective assistance of counsel. *Noel,* 342 Ark. 35, 26 S.W.3d 123. We thus affirm the trial court's ruling on this issue.

For his last point regarding jury selection, Appellant argues that trial counsel were ineffective for failing to challenge for cause two jurors in the first trial and five jurors during resentencing. There is no merit to this argument regarding the two jurors not challenged in the first trial, as Appellant admits that both those jurors were removed with peremptory challenges. Appellant also admits that four of the five jurors who allegedly should have been challenged for cause during the resentencing were ultimately removed from the jury using peremptory challenges. That leaves only one juror, Jerry

Marion, who was seated on the resentencing jury, that Appellant argues should have been challenged for cause.

Appellant's challenge to juror Marion stems from the fact that the juror admitted during voir dire that his sister-in-law had served as a juror on Appellant's first trial, wherein he was sentenced to death. The trial court asked juror Marion whether he had discussed the case with his sister-in-law. He admitted that he had discussed the case with her a little bit and that he did hear some things about it. He stated, however, that there was nothing about the situation that would keep him from being fair and impartial. Subsequently, defense counsel had the opportunity to discuss the matter with juror Marion. Again, the juror stated that there was nothing about the fact that his sister-in-law had served on the first jury that would influence him one way or the other.

Attorney Robert Marquette, who, along with Marvin Honeycutt, represented Appellant during the resentencing trial, testified that he had been the one who questioned juror Marion. Although he could not recall the particular reason that counsel chose not to strike him, Mr. Marquette stated that he remembered questioning juror Marion concerning his feelings about the capital-murder process and whether he could be fair with regard to listening to the defense's testimony about mental retardation. Mr. Marquette stated that the defense may have felt that juror Marion would be sympathetic to the evidence regarding Appellant's borderline or mild mental retardation. In any event, he stated that they felt that he would be a good and impartial juror, and that counsel never would have accepted him if they had thought that he would be prejudiced against the defense. The trial court found that the decision to retain juror Marion was one of trial strategy and, thus, did not amount to ineffective assistance of counsel. We agree.

As previously stated, the decision to seat or exclude a particular juror may be a matter of trial strategy or technique. *Buckley*, 341 Ark. 864, 20 S.W.3d 331; *Catlett*, 331 Ark. 270, 962 S.W.2d 313; *Irons*, 272 Ark. 493, 615 S.W.2d 374. Matters of trial strategy and tactics are not grounds for a finding of ineffective assistance of counsel. *Noel*, 342 Ark. 35, 26 S.W.3d 123. Thus, even though another attorney may have chosen a different course, trial strategy, even if it proves unsuccessful, is a matter of professional judgment. *Id.* Based on the testimony given by defense counsel, we cannot say that the trial court erred in finding that the decision to keep juror Marion was anything other than trial strategy. Moreover, we agree with the trial court that Appellant failed to demonstrate

that he was prejudiced by the juror being seated. A juror is presumed to be unbiased and qualified to serve, and the burden is on the appellant to prove otherwise. *See Lee v. State*, 343 Ark. 702, 38 S.W.3d 334 (2001); *Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001). Accordingly, we affirm the trial court's denial of relief on Appellant's jury-selection claims.

*II. Speedy Trial*

Appellant's second point for reversal is that the trial court erred in ruling that trial counsel were not ineffective for failing to make a motion to dismiss for lack of a speedy trial. The trial court's order reflects that Appellant was arrested on October 31, 1994, and his trial was held on December 12, 1995, forty-two days in excess of the one-year period provided in Arkansas Rules of Criminal Procedure 28.1 and 28.2. Accordingly, if trial counsel had moved for a dismissal, they would have made a prima facie showing of a violation of the rule, and the burden would have shifted to the State to show good cause for the delay. *Chenowith*, 341 Ark. 722, 19 S.W.3d 612. Whether counsel were ineffective, therefore, depends on whether the State would have been able to prove that there were excluded periods sufficient to bring Appellant's trial within the one-year period. *Id.* In making this determination, we apply the versions of Rules 28.1 through 28.3 that were in effect at the time of Appellant's trial.

The trial court found that there were three separate periods that were excludable from the one-year calculation: (1) the time from January 12, 1995, to June 19, 1995, a total of 158 days, due to Appellant's request for a mental evaluation; (2) the time from July 12, 1995, to August 22, 1995, a total of forty-one days, due to a second request for a mental evaluation; and (3) the time from November 6, 1995, to December 12, 1995, a total of thirty-six days, due to a continuance requested by Appellant. Appellant only contests the trial court's ruling regarding the first and third periods.

Appellant does not dispute that the time necessary to complete a mental examination requested by a defendant, pursuant to Ark. Code Ann. § 5-2-305 (Repl. 1997), is excluded from the one-year period for speedy trial. *See* Ark. R. Crim. P. 28.3(a); *Scott v. State*, 337 Ark. 320, 989 S.W.2d 891 (1999); *Morgan v. State*, 333 Ark. 294, 971 S.W.2d 219 (1998). Nor does he question that the excludable period resulting from a defendant's request for mental examination runs from the date the exam is ordered to the date the report

is filed. *Id.* Rather, Appellant contends that because he was not actually taken to the Arkansas State Hospital for examination, the period from January 12, 1995, to June 19, 1995, is not excludable. There is no merit to this argument.

 The plain language of section 5-2-305(a) reflects that when a defendant announces his intention to rely on the defense of mental disease or defect, or where he places his fitness to proceed in issue, the court "shall immediately suspend all further proceedings in the prosecution." We see no reason, and Appellant has not offered one, why we should qualify the clear language of the statute by holding that proceedings are only suspended if the mental evaluation takes place at the State Hospital. This court has not previously drawn a distinction between those mental evaluations performed at the State Hospital and those performed at other locations by doctors from the State Hospital. Indeed, in *Hufford v. State*, 314 Ark. 181, 861 S.W.2d 108 (1993), this court rejected the appellant's due-process argument and held that because he was examined by doctors from the State Hospital, even though the examination took place elsewhere, there was substantial compliance with the order and with the requirements of section 5-2-305(b). Accordingly, we reject Appellant's argument that the trial court erred in excluding this period from the calculation of speedy trial.

 Lastly, Appellant argues that it was error to exclude the time from November 6, 1995, to December 12, 1995, based on his request for a continuance. Appellant does not deny that he requested the continuance. Moreover, he acknowledges that delays resulting from continuances given at the request of the defendant or defense counsel are excluded in calculating the time for a speedy trial. *See, e.g., Ferguson,* 343 Ark. 159, 33 S.W.3d 115; *Scott,* 337 Ark. 320, 989 S.W.2d 891. He argues, however, that because no docket entry or written order was made to show that the motion was granted, the period cannot be excluded under Rule 28.3. We disagree.

 While Appellant is correct in asserting that Rule 28.3 requires that excluded periods be set forth by the court in a written order or docket entry, he is incorrect in insisting that the trial court's failure to strictly comply with the requirements of this rule warrants reversal in this case. This court has consistently held that where a case is delayed by the accused and that delaying act is memorialized by a record taken at the time it occurred, that record may be sufficient to satisfy the requirements of Rule 28.3. *See Goston v. State,* 326 Ark. 106, 930 S.W.2d 332 (1996); *Jones v. State,* 323 Ark. 655, 916 S.W.2d 736 (1996); *Wallace v. State,* 314 Ark.

247, 862 S.W.2d 235 (1993). This reasoning is based on the principle that a defendant may not agree with a ruling by the trial court and then attack that ruling on appeal. *Goston*, 326 Ark. 106, 930 S.W.2d 332.

■ Here, the docket sheet reflects that on November 2, 1995, a motion for continuance was filed by Mr. Marquette, and that on November 3, 1995, a response to the motion was filed by the State. Both the written motion and the State's response are contained in the record. The docket sheet reflects further that on November 7, 1995, letters were sent to counsel from the trial court's case coordinator informing them that the case had been rescheduled for jury trial on December 11, 1995. Additionally, during the Rule 37 hearing, defense counsel recalled that the trial court granted the continuance during a hearing on the record.[1] Counsel Marquette testified that despite the lack of a written order, he believed that the trial court had complied with the requirements of Rule 28.3, because the motion was granted in open court and the docket entry reflected that the case had been rescheduled to a date certain. Based upon this evidence, we conclude that the trial court was not in error in excluding the time from November 6, 1995, to December 11, 1995, from the calculation of speedy trial.

[17] In sum, we affirm the trial court's ruling that counsel were not ineffective for failing to make a motion to dismiss for lack of a speedy trial. The record reflects that while Appellant's trial took place forty-two days beyond the one-year period for speedy trial, there were excludable periods well in excess of that time. As such, Appellant was not denied the right to a speedy trial, and, thus, trial counsel were not ineffective for failing to make this argument, either in the trial court or on appeal. As stated above, counsel cannot be ineffective for failing to make an argument that is without merit. *See Noel*, 342 Ark. 35, 26 S.W.3d 123; *Sanford*, 342 Ark. 22, 25 S.W.3d 414; *Monts*, 312 Ark. 547, 851 S.W.2d 432.

### III. Counsel's Lack of Preparation

For his final point on appeal, Appellant argues that the trial court erred in finding that counsel were not ineffective for lack of preparation during both the first trial and the resentencing. The basis of this argument is Appellant's assertion that counsel did not have enough personal contact with him prior to both proceedings.

---

[1] The record does not contain the pretrial hearing referred to by defense counsel.

Appellant asserts that if counsel had been more prepared and had visited him more often, they might have convinced him to testify on his own behalf and to call former employers and friends as witnesses. He also complains that counsel did not present testimony from any of his relatives during the resentencing.

■■ Appellant does not state what particular witnesses or relevant facts counsel would have discovered had they adequately investigated and prepared the case. As such, his allegations are conclusory and will not provide a basis for postconviction relief. A bare allegation that there are witnesses that could have been called in the petitioner's behalf will not support a claim of ineffective assistance of counsel. *Nelson v. State*, 344 Ark. 407, 39 S.W.3d 791 (2001) (*per curiam*). This court will not grant postconviction relief for ineffective assistance of counsel where the petitioner fails to show what the omitted testimony or other evidence was and how it would have changed the outcome. *See Noel*, 342 Ark. 35, 26 S.W.3d 123; *Johnson v. State*, 321 Ark. 117, 900 S.W.2d 940 (1995).

■ Appellant's reliance on *Williams v. Taylor*, 529 U.S. 362 (2000), is misplaced. In that case, the Court held that counsel is obligated to conduct an investigation for the purpose of ascertaining mitigating evidence, and that the failure to do so is error. Such error, however, does not automatically require reversal unless it is shown that, but for counsel's errors, there is a reasonable probability that the sentence would have been different. Thus, the Court's holding did not change the law regarding claims of ineffective assistance of counsel, as set out in *Strickland v. Washington*, 466 U.S. 668 (1984). As with any other claim of ineffective assistance of counsel, a petitioner cannot succeed merely by alleging that counsel was not prepared or did not spend enough time on his case. Rather, he still must show what evidence or witnesses would have been discovered had counsel properly investigated the case and that, but for counsel's lack of preparation, there is a reasonable probability that the outcome of his trial or sentence would have been different. Because Appellant has failed to make such a showing, we affirm the trial court's denial of relief on this point.

Affirmed.