

# NUMBER 13-07-055-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **BROWN WATER MARINE SERVICE, INC. AND HUGH T. CHAPMAN,** | **Appellants,** |
| **v.** | |
| **ARANSAS COUNTY NAVIGATION DISTRICT NO. 1,** | **Appellee.** |

### On appeal from the 36th District Court of Aransas County, Texas.

# MEMORANDUM OPINION

### Before Justices Yañez, Benavides, and Vela
### Memorandum Opinion by Justice Vela

This is an appeal from a summary judgment order granted in favor of appellee, Aransas County Navigation District No.1 ("the District") and against appellants, Brown Water Marine Services, Inc. and Hugh T. Chapman (collectively "Brown Water"). The District's motion asked for judgment on the issues of governmental immunity, inverse

condemnation, and breach of contract. The trial court granted the District's traditional and no-evidence motions for summary judgment. The three issues raised by Brown Water on appeal are (1) whether the trial court erred by granting summary judgment on the District's claim of immunity, (2) whether the trial court erred in granting summary judgment on Brown Water's inverse condemnation claim, and (3) whether the trial court erred in granting summary judgment on the contract claim. We affirm.

**I. Background**

In 1990, the District began leasing to Brown Water a submerged portion of the District's Cove Harbor property in Rockport, Texas. While negotiating a renewal of this lease in 2004, the District granted Brown Water a right of first refusal to lease Lots 78 and 79 of the Cove Harbor property. This was accomplished by letter, dated December 8, 2004. These lots have bulkheads and adjoin Brown Water's submerged lease.

In January of 2006, the District leased Lots 78 and 79 to an outside company without first offering Brown Water the opportunity to refuse to lease the lots. Brown Water sued the District for breach of contract, wrongful taking, and inverse condemnation.

The 36th District Court of Aransas County, Texas, granted Brown Water a temporary injunction effective until the end of 2006, enjoining the District from entering into any lease longer than six-months with a party other than Brown Water. In January of 2007, the trial court granted the District's traditional and no-evidence motions for summary judgment.

**II. Standard of Review**

On appeal, a summary judgment is reviewed de novo. *Provident Life & Acc. Ins. Co. v. Knott,* 128 S.W.3d 211, 215 (Tex. 2003). A summary judgment can only be upheld on grounds expressly set forth in the written motion. *Roberts v. Sw. Tex. Methodist Hosp.,* 811 S.W.2d 141, 144-45 (Tex. App.–San Antonio 1991, writ denied). Summary judgment is appropriate when there is no genuine issue of material fact and judgment should be granted in favor of the movant as a matter of law. *KPMG v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999). Governmental immunity can properly be asserted in a motion for summary judgment. *See Harris County v. Sykes,* 136 S.W.3d 635, 638 (Tex. 2004). When a trial court grants a summary judgment without stating specific grounds, the summary judgment must be affirmed if any of the grounds are meritorious. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex. 2001).

**III. Analysis**

A. GOVERNMENTAL IMMUNITY

Brown Water claims that the trial court erred in granting summary judgment in favor of the District on the issue of governmental immunity, arguing that its agreement with the District for a right of first refusal in leasing Lots 78 and 79 was a maritime contract, and the application of maritime law defeats the District's immunity defense.

The District is a unit of government created in the manner prescribed in the Texas Water Code. TEX. WATER CODE ANN. § 62.021 (Vernon 2004). A navigation district is considered a local governmental entity. TEX. LOC. GOV'T CODE ANN. § 271.151(3)(c) (Vernon 2005). While a governmental entity waives its immunity from liability when it enters into a contract, it does not waive its immunity from suit. *Tooke v. City of Mexia,* 197

3

S.W.3d 325, 332 (Tex. 2006).  A waiver of immunity must be clear and unambiguous.  *Id*.

at 332-33.  Brown Water concedes that its contract is barred by immunity if Texas law

applies.[1]  It urges this Court to recognize the agreement between the parties as a maritime

contract and analyze the District's immunity defense under federal law.  Brown Water

claims that under federal law, the District does not enjoy immunity.

The determinative issue is whether the agreement to grant Brown Water a right of

first refusal is a maritime contract.  If it is not a maritime contract, we will apply Texas law,

which supports the District's claim of immunity.  If it is, we examine the propriety of the

additional grounds urged in the District's motions for summary judgment because the trial

court granted both Brown Water's traditional and no-evidence motions for summary

judgment.

B.  MARITIME CONTRACTS

Brown Water makes two claims.  First, it claims that the right of first refusal was a

contract for wharfage and, therefore, a maritime contract.  Second, Brown Water urges that

the right of first refusal for lots 78 and 79 was related to a lease of adjacent submerged

lands.  Because the adjacent submerged lands were under navigable waters, the right of

first refusal was a maritime contract.  The Fifth Circuit defines a maritime contract as "a

contract relating to a ship . . . or to commerce or navigation on navigable waters." *J.A.R.,*

*Inc. v. M/V Lady Lucille*, 963 F.2d 96, 98 (5th Cir. 1992) (quoting *Thurmond v. Delta Well*

---

[1]We note that neither party raises the applicability of the provision of the Texas Local Government Code providing for a waiver of immunity if there is a "written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2) (Vernon 2005).  Section 271.151(2) of the local government code does not apply because the claim at issue here does not concern goods or services.  Rather, it involves an interest in real property. *See City of San Antonio v. Reed S. Lehman Grain, Ltd.,* No. 04-04-00930-CV, 2007 WL 752197, at *2 (Tex. App.–San Antonio Mar. 14, 2007, pet. denied) (noting that an easement dedication contract conveyed only an interest in real property and is not an agreement for providing goods and services).

*Surveyors*, 836 F.2d 952, 954 (5th Cir. 1988) (citation omitted)). Agreements that are merely ancillary to maritime contracts are not maritime contracts. *See Theriot v. Bay Drilling Corp.*, 783 F.2d 527, 538 (5th Cir.1986) (noting that there must be a direct and proximate juridical link between the contract and operating a ship to attach maritime character); *Walter v. Marine Office of Am.*, 537 F.2d 89, 94 (5th Cir. 1976) (noting that contracts relating to the construction of vessels are ordinarily not considered maritime contracts); *Carter-Green-Redd, Inc. v. U.S.S. Cabot Found*, 756 F. Supp. 276, 279 (E.D. La. 1991) (noting that an option contract and a right of first refusal in leasing a vessel did not constitute a maritime contract because the option and the right did not directly relate to navigation or operating a vessel). In *Carter-Green-Redd*, the Louisiana district court reiterated that, in order for a contract to be a maritime contract, the subject matter must directly relate to the operation of a vessel and navigation. *Id*. at 278. There, the court said that it was a contract made on land to be performed on land and that there was no need or justification to resort to the law of the sea. *Id.*

Wharfage is the use of a wharf furnished in the ordinary course of navigation. *The James T. Furber*, 129 F. 808, 810 (D.C. Me. 1904). As a general rule, the lease of a pier or wharf is not a maritime contract unless the lease is tied to a provision of wharfage for a specific vessel. *Simon v. Marine Terminals Corp*., 882 F.2d 1435, 1441 (9th Cir. 1989). There is a distinct difference between a claim for wharfage and a claim for rent of a wharf. *See id.* at 1441. A claim relating to wharfage is a maritime contract. *See id.* A contract for a lease of real property is not a maritime contract. *See Bd. of Comm'rs of The Orleans Levee Dist. v. M/V Belle of Orleans*, 439 F. Supp. 2d 1178, 1200 (S.D. Ala. 2006).

5

In this case, Lots 78 and 79 have bulkheads; the docks on its lots adjoin submerged lands, and a lessee could readily use the docks for loading and unloading. A lessee could also choose to utilize this property in a number of other ways. In fact, the summary judgment evidence presented by the District was that Brown Water intended to put its office on the property in which it claimed a right of first refusal. The lease here was not for the use of a particular vessel. The contemplated use of the property went beyond that of tying off boats.

Brown Water claims that its right of first refusal relates to maritime activity through the lease of maritime property. However, the agreement provides that if the District *chooses* to lease Lots 78 and 79, it must first give Brown Water the opportunity to either refuse to lease the property or lease the property at the market rate. The right of first refusal, on its face, does not relate to maritime law. Further, Brown Water does not hold a contract with the District to service ships on navigable waters. It merely holds a right to refuse a lease or further negotiate with the District for such lease. Under these circumstances, the right of first refusal is too far removed from maritime activity to abandon Texas law for maritime law.

Brown Water's right of first refusal does not directly relate to navigable waters or ships; it relates to a lease. We will not construe this agreement as a maritime contract based upon speculative or potential uses of a potential lessee. The agreement to grant Brown Water the right of first refusal in leasing Lots 78 and 79 was not a maritime contract. Under Texas law, the District is immune from Brown Water's breach of contract suit because it is a governmental entity. There was no waiver. Brown Water's first issue is overruled.

## C. INVERSE CONDEMNATION

Brown Water contends that the trial court erred in granting summary judgment in favor of the District on the issue of inverse condemnation. It attempts to circumvent the District's immunity from a breach of contract suit by contending that the District deprived it of a property interest—the right of first refusal—without compensation and due course of law.

Sovereign immunity bars a breach-of-contract claim, but it does not shield a governmental entity from a takings clause action for compensation. *Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.*, 39 S.W.3d 591, 598 (Tex. 2001).

To show a takings under article I, section 17, of the Texas Constitution, Brown Water "must show that a governmental actor acted intentionally to take or damage property for a public use." *State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) (citing *Little-Tex*, 39 S.W.3d at 598). Whether particular facts are enough to constitute a "taking" is a question of law. *Little-Tex Insulation Co., Inc.*, 39 S.W.3d at 598.

Importantly, the State may "wear two hats." *Id.* at 599. The State may act as a party to a contract and as sovereign. *Id*. The State, by acting within a color of right to take or withhold property in a contractual situation, may also act as a private citizen and not under any sovereign powers. *Id*.; *see also Holland*, 221 S.W.3d at 643-44 (wherein the State was acting in its contractual capacity when it used a plaintiff's patent; accordingly, the State was immune from suit because it lacked the requisite intent to take under its eminent domain powers). The absence of an express contract between the State and the opposing party, or uncertainties about the existence of their implied contract, are

7

immaterial when determining the capacity in which the State is acting. *Holland*, 221 S.W.3d at 643.

The District was acting in its contractual capacity when dealing with Brown Water. Whether the parties actually formed a contract or not, the District dealt with Brown Water in a contractual setting. Their dealings resulted in an apparent agreement to grant Brown Water a right of first refusal in leasing Lots 78 and 79. Similar to the State's action in *Holland*, the District lacked the requisite intent to take under its eminent domain powers when it failed to give Brown Water its right of first refusal. There was also no evidence that the District intentionally performed acts resulting in a taking of property for public use. There was no taking on the part of the District in this case. We overrule Brown Water's second issue.

## IV. Disposition

We hold that the agreement to grant Brown Water a right of first refusal was not a maritime contract. Under applicable Texas law, the District is immune from Brown Water's breach of contract suit. Because the District is immune from Brown Water's breach of contract suit, this Court need not rule on the trial court's granting of summary judgment on the issue of breach of contract. TEX. R. APP. P. 47.1.

We further hold that the District did not act under its eminent domain powers when it deprived Brown Water of its right of first refusal. The District dealt with Brown Water in a contractual capacity and thus lacked the necessary intent to perform a taking under the Texas Constitution. It is unnecessary for the Court to address Brown Water's third issue as it is not dispositive. *See* TEX. R. APP. P. 47.1.

8

We overrule Brown Water's issues and affirm the trial court's granting of summary judgment in favor of the District on the issues of immunity and inverse condemnation.


ROSE VELA
Justice


Memorandum Opinion delivered and
filed this 24th day of April, 2008.